## FREDERIKA SCHRAEDER
### v.
## HENRY SCHRAEDER.

*Husband and Wife—Separate Maintenance—Discretion.*

In action for separate maintenance, the chancellor has a large discretion, which is properly exercised in discouraging the continuation of a separation between husband and wife, where the cause of such separation is trivial.

[Opinion filed April 11, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Messrs. CUTTING & AUSTIN, for appellant.

Messrs. CAMPBELL & CUSTER, for appellee.

MORAN P. J. This is an appeal from an order dismissing a bill filed by appellant against appellee for separate maintenance. It appears that about six weeks after complainant was married to defendant she left him. They had quarreled more or less while they were living together, and she had threatened to leave, and finally did leave, he telling her to go.

The next day she went back accompanied by the minister and her father, and offered to return to him and live with him again, but he said he did not want her. Shortly after, her sister tried to reconcile defendant to receive his wife and live with her, but he again refused. After the bill was filed he went and asked her to return to him and she refused to do so.

On the hearing he swore that he was willing to live with her if she would treat him right and not quarrel with him, and that if she had come back alone when she came with witnesses, and offered to live with him, he would have received her. Her father's house at which she stopped was only eighty rods from her husband's.

She said in answer to the court, that she could not live with

her husband again.  There does not seem to have been any substantial cause of quarrel between complainant and her husband when she left him, though it is apparent that they were not living happily.  For the separation both were to blame.

There seems to be no reason why they should not be reconciled and live together as husband and wife.  She did not get a vested right to separate maintenance simply because her husband refused to receive her when she went back, and under the circumstances we think she ought to have gone back when he requested her after the bill was filed.  The policy of the law is to maintain the marriage relation after it is entered upon and not to allow separations for trivial causes, and we think the court below was right in dismissing the bill and leaving complainant to return to her husband in a wifely manner, and in good faith make the attempt to live with him.

If he should ill-treat her, or if, upon an unequivocal attempt to return to him, he shall repulse her or refuse to cohabit with her as her husband, the decree in this case will not bar her remedy against him.

A large discretion is lodged in the chancellor in separate maintenance cases, and it is properly exercised in discouraging rather than encouraging the permanency of separation between husband and wife, and under the circumstances appearing in the record, we think the discretion was wisely exercised in this case.

The judgment will therefore be affirmed.

