[S. F. No. 887.    Department One.—March 4, 1899.]

## VIRGINIA McMULLIN, Appellant, v. THURLOW McMULLIN, Respondent.

MAINTENANCE WITHOUT DIVORCE—CURE OF DESERTION—BONA FIDE OFFER OF HUSBAND PENDENTE LITE—DEFEAT OF ACTION.—An action by a wife for permanent maintenance by the husband without divorce, is defeated, where the desertion by the husband is cured *pendente lite*, by a *bona fide* offer of the husband to provide a home for the wife at any reasonable place of her own choosing, and to return and live with her as husband and wife, although such offer is made more than one year after the desertion.

ID.—LIMITED DIVORCE.—To enforce the duty of support against a defendant who seeks in good faith to fulfill his obligations, and at the same time to exonerate the plaintiff from the correlative duty of dwelling with the defendant at some reasonable place of abode, would be the granting of a limited divorce, for which our law makes no provision.

ID.—GOOD FAITH OF OFFER—QUESTION OF FACT—DUTY OF WIFE.—The good faith of the offer of the husband is a question of fact, and where his good faith is ascertained as a fact it is the duty of the wife to test his professions by acceptance, and she cannot capriciously refuse to be satisfied of the good faith of his offer. If he thereafter proves derelict, her complaisance will not prejudice her claims upon him.

ID.—SOLICITATION OF CONDONATION.—A *bona fide* offer by the deserting husband to return and provide a home for the wife, and expressing his willingness for a reconciliation, and offering to fulfill the marriage contract, with a request to her to do likewise, implies a request for conditional forgiveness which is condonation, and involves a solicitation of condonation for his offense of desertion.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.    J. M. Seawell, Judge.

The facts are stated in the opinion.

Rodgers & Paterson, and Lloyd & Wood, for Appellant.

Charles S. Wheeler, for Respondent.

BRITT, C.—Plaintiff is the wife of defendant. She prosecutes this action against him under section 137 of the Civil Code, for maintenance without divorce. The parties were married to each other on February 15, 1871, and defendant deserted the plaintiff November 15, 1877; this action was begun January 4, 1894. The court found that defendant's desertion of plaintiff was willful, and that it continued until April 10, 1895— a time above fifteen months after the commencement of the action—but that on said April 10th defendant offered to provide a home for plaintiff "at any reasonable place of her own choosing and to return and live with her as husband and wife, and also requested plaintiff to return and fulfill the marriage contract. Said offer was made by defendant in good faith"; and that plaintiff rejected it. The court allowed plaintiff certain sums for temporary alimony and expenses of the action, but rendered judgment denying her demand for permanent support.

Willful desertion must continue for one year before it is a ground for divorce (Civ. Code, sec. 107); and it is provided in section 102 preceding, that if, prior to the expiration of such time, the party deserting "returns and offers in good faith to fulfill the marriage contract, and solicits condonation, the desertion is cured"; and in *Benkert v. Benkert*, 32 Cal. 467, it was held that an offer to return, made after expiration of the time necessary to give the ground for divorce, will not, if refused, defeat the action of the injured party for divorce. Plaintiff contends, in support of her appeal, that a rule like that in *Benkert v. Benkert* should obtain in this case, and that the defendant's offer to return came too late. The cases, however, differ materially. (See *Hardy v. Hardy*, 97 Cal. 125, 130.). In *Benkert v. Benkert*, dissolution of the marriage bond was sought; here the plaintiff, as she testified at the trial, and as her suit shows, desires no divorce, but insists that the marriage relation shall continue. Manifestly, to enforce the duty of support against defendant when, as the court finds, he seeks in good faith to fulfill his obligations, and at the same time to exonerate plaintiff from the correlative duty of living with defendant

at some reasonable place of abode (Civ. Code, sec. 156), would be the granting of a limited divorce, for which our law makes no provision. (*Hagle v. Hagle*, 74 Cal. 608, 612; *Peyre v. Peyre*, 79 Cal. 336.) The cases touching this subject quite uniformly hold or imply that although the husband may have deserted the wife, yet the door for repentance is open for him, and is not necessarily closed by the fact of suit brought for maintenance; so, not because of any tenderness of the law for delinquent husbands, but because of its aversion to separation of the spouses. (*Schraeder v. Schraeder*, 26 Ill. App. 524; *Johnson v. Johnson*, 125 Ill. 510, 519; *Taylor v. Taylor*, 4 Desau. 167; *Briggs v. Briggs*, 24 S. C. 377; *Almond v. Almond*, 4 Rand. 662, 667; 15 Am. Dec. 781; *Head v. Head*, 3 Atk. 547, 551; *Walker v. Laighton*, 31 N. H. 111.)

It is strongly urged that the plaintiff was justified in refusing defendant's overtures. First, it is said, because of his cruelty to her before the desertion. At the trial plaintiff did not specify cruelty as a ground for her refusal; she claimed only that defendant's offer was not made *bona fide*; true, the former relations of the parties justly have an influence upon the question of good faith of the husband's offer; but if there was any cruelty in the case—which defendant denies—it occurred more than eighteen years before the attempt at reconciliation, and there was no showing in that behalf such as would warrant this court in reversing the decision that defendant's offer was made in good faith—which necessarily implies a finding that he intended to treat the plaintiff with conjugal kindness.

It is also contended that defendant's proposal was made with the expectation and desire that it would be refused, and in a manner to induce that result. The question of the good faith of the offer is one of fact. (See, besides the cases cited above, the following: *Wagner v. Wagner*, 104 Cal. 295; *Olcott v. Olcott* (N. J., April 6, 1893), 26 Atl. Rep. 469; *Musgrave v. Musgrove*, 185 Pa. St. 260; *Porter v. Porter*, 162 Ill. 398.) To detail the evidence on this issue would unnecessarily extend the opinion; it appeared that defendant repeated his offer, which was made through counsel, varying it to meet plaintiff's objections; that he solicited a personal interview with plaintiff for the purpose of "talking it over"; and that she steadily refused; indeed, it was conceded at the trial that

defendant could have made no offer to live with plaintiff which she would have accepted. It is probably true that the cause immediately moving defendant to endeavor to effect a reconciliation was the pendency of this suit and the apprehension of a judgment coercing from him performance of the duty to support his wife; but while this consideration might affect, it certainly could not conclude, the question of the integrity of his intentions toward plaintiff. No higher motives than those of convenience, it unfortunately must be allowed, have both induced and preserved multitudes of matrimonial unions. We are satisfied that there was evidence to support the substance of the court's finding; and it follows that the plaintiff should have tested defendant's professions by acceptance; had he thereafter proved derelict, her complaisance would not have prejudiced her claims upon him; she could not capriciously refuse to be satisfied of the good faith of his offer. (*Newing v. Newing,* 45 N. J. Eq. 498, 502.)

It is said, further, that defendant did not solicit condonation for his offense of desertion (Civ. Code, sec. 102), and that for this reason plaintiff need not have accepted his offer. We think he preferred such request in substance and effect; he offered plaintiff a home with him and expressed his willingness for a reconciliation; he asked her to fulfill the marriage contract, and offered himself to do likewise; these things certainly imply a request for "conditional forgiveness," which is condonation. (Civ. Code, sec. 115.) The judgment and order denying a new trial should be affirmed.

Haynes, C., and Pringle, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.

            Garoutte, J., Van Dyke, J., McFarland, J.

Hearing in Bank denied.