[No. 13824.   Department One.   July 5, 1917.]

Wilbur H. Appleton, *Appellant,* v. Adelaide Appleton, *Respondent.*[1]

Divorce—Decree—Res Judicata—Subsequent Action. A decree of separate maintenance denying a husband a divorce is *res adjudicata* as to all matters occurring between the parties up to that time, and also conclusive that the husband was in default, entitling the wife to live separate and apart; but it is not *res adjudicata* as to subsequent misconduct.

Same—Abandonment. The refusal by a wife, living separate and apart from a husband under a decree of separate maintenance, of the husband's good faith offer to resume the marriage relation, constitutes abandonment if continued for the statutory period of one year.

Same—Abandonment—Complaint. A complaint alleging that the husband, subsequent to a decree of separate maintenance, requested in good faith that the wife return to him, and that she refused, preferring to live separate and apart, is sufficient to raise the question of his good faith as a question of fact, under the rule of law encouraging reconciliations and the resumption of the marriage relation.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered July 14, 1916, dismissing an action for divorce, after a trial on the merits before the court. Reversed.

*Robertson & Miller* and *Rosenhaupt & Grant,* for appellant.

*Merritt, Lantry & Merritt,* for respondent.

Morris, J.—Appeal from a judgment dismissing the complaint in an action for divorce. The complaint, after stating the jurisdictional facts, alleged that the parties hereto had not lived together for a period of three years; that, in the month of June, 1914, an action for divorce was started by the wife, the husband filing an answer and cross-complaint;

[1]Reported in 166 Pac. 61.

that the wife thereupon withdrew her complaint for a divorce and asked for separate maintenance; that, upon the hearing, the wife's prayer for separate maintenance was granted, and a divorce denied the husband upon his cross-complaint. It was further alleged that the parties had quarreled repeatedly before the commencement of the first action in 1914, and that owing to such repeated quarrels, rendering life burdensome to the plaintiff, the parties could no longer live together as husband and wife. At the hearing, the complaint was amended to the effect that, shortly after the entry of the separate maintenance decree in June, 1914, the plaintiff, in good faith, called upon the defendant and requested her to return to him; that she refused to do so. Upon the hearing, motion was made for dismissal of the action on the ground that the complaint was insufficient to support a decree of divorce. This motion was granted by the lower court, seemingly upon the theory that the separate maintenance decree of June, 1914, was *res judicata*. That decree was undoubtedly *res judicata* as to all matters occurring between the parties up to that time. It was also conclusive of the fact that appellant was in fault, and, because of such fault, respondent was entitled to live separate and apart from him. *Loeper v. Loeper*, 81 Wash. 454, 142 Pac. 1138.

In so far as the complaint sought to review the issues of the former suit, it was undoubtedly bad and subject to attack. It was good, however, as to allegations of misconduct occurring subsequent to the entry of the first decree. That decree could not bar subsequent misconduct on the part of either party, and any such conduct falling within the statutory grounds for divorce would entitle the party not at fault to commence divorce proceedings. This complaint alleged that, subsequent to the entry of the separate maintenance decree, the appellant, in good faith, requested the respondent to return to him; that she refused, desiring to live apart from him under the order of separate maintenance. In determining the sufficiency of the complaint it must be accepted that

the husband was honest in his intention to remedy his fault, and that the offer of reconciliation and request to return was made in good faith with an honest intention to abide thereby, and that the wife deliberately refused. The question then is, when a wife, living separate and apart from her husband because of his fault, deliberately refuses to return to him when, repenting of his error, he seeks reconciliation and requests her return, does such refusal constitute abandonment if continued in for the statutory period of one year. We think it does. *Hooper v. Hooper*, 34 N. J. Eq. 93; *McMullin v. McMullin*, 123 Cal. 653, 56 Pac. 554; *Jerolaman v. Jerolaman*, 54 Atl. (N. J. L.) 166; *Schraeder v. Schraeder*, 26 Ill. App. 524; *Johnson v. Johnson*, 125 Ill. 510, 16 N. E. 891; *Briggs v. Briggs*, 24 S. C. 377; *Walker v. Laighton*, 31 N. H. 111.

The good faith of the appellant's offer is a question of fact which can only be determined upon hearing. *Musgrave v. Musgrave*, 185 Pa. St. 260, 39 Atl. 961. The law is inclined to encourage reconciliations and the resumption of the marital relation between estranged spouses. In enforcing this rule it has been held that not only will the refusal of a good faith offer to resume the broken relation put the refusing party in actionable default, but that it will defeat the enforcement of orders and decrees of separate maintenance. 1 Bishop, Marriage, Divorce and Separation, § 1539; *Almond v. Almond*, 4 Rand. (Va.) 662, 15 Am. Dec. 781; *Kenley v. Kenley*, 2 How. (Miss.) 751. The allegations of this complaint were sufficient to bring appellant within the rule, and the cause should have been heard upon its merits upon this one issue.

Reversed and remanded for trial.

ELLIS, C. J., MOUNT, and CHADWICK, JJ., concur.