[No. 15231.    Department One.    May 31, 1919.]

WILBUR H. APPLETON, *Appellant*, v. ADELAIDE APPLETON, *Respondent*.[1]

DIVORCE (9) — DESERTION — RECONCILIATION — GOOD FAITH — EVIDENCE—SUFFICIENCY. In a husband's action for divorce, after decree for separate maintenance for his fault, his mere word is not sufficient to sustain the burden of proof that his offer to resume relations was made in good faith and not for the purpose of laying a foundation for his divorce action, where there was direct conflict in the testimony.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered January 31, 1918, upon findings in favor of the defendant, in an action for divorce, tried to the court. Affirmed.

*Robertson & Miller* and *Rosenhaupt & Grant*, for appellant.

*Merritt, Lantry & Merritt*, for respondent.

PER CURIAM.—This action follows *Appleton v. Appleton*, 97 Wash. 199, 166 Pac. 61.

[1]Reported in 181 Pac. 861.

Plaintiff began this action for divorce, alleging defendant's repudiation of a *bona fide* attempt to reconcile their differences and to live together as husband and wife. The court found as a fact that the efforts and offer of the plaintiff were not in good faith, and denied a divorce.

The question of good faith is a question of fact. We have read the record, and, having in mind that, in the former action, the plaintiff's prayer for a divorce was denied; that the defendant was given a decree of separate maintenance, thus establishing that the fault up to that time was in plaintiff; that the burden of proof is upon plaintiff to establish that his offer to resume marital relations with his wife was made in good faith with an honest intention that it should be accepted, and with the further honest intention of fulfilling his marital duties, and not for the purpose of laying a foundation for a future suit for divorce, we cannot say that plaintiff has sustained the burden. The evidence is practically one against the other, and in view of the decree in the preceding case and the finding of the trial judge, who had both parties before him and could measure their conduct and attitude when upon the witness stand, and in view of the fact that the offer was made within two weeks after the decree in the former case while the smart of the former trial was still burning and was possibly a matter of public comment and gossip, it would seem that defendant would have the right to require some evidence of good intention other than the mere word of plaintiff.

It would serve no end to rehearse the testimony in detail. It is enough to say that it is our judgment plaintiff has not sustained the burden of proof that the law puts upon him.

Affirmed.