Mascolo, Appellant, *v.* Mascolo.

Argued October 2, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*William T. Connor,* with him *John R. K. Scott,* for appellant.

*Francis T. Anderson,* with him *William A. Gray,* for appellee.

OPINION BY JAMES, J., December 18, 1935:

On October 26, 1933, appellant filed his libel in divorce alleging that his wife had wilfully and malicious-

ly and without reasonable cause, deserted him on October 5, 1931 (later amended to October 6, 1931). Respondent filed an answer denying the cause set forth in the libel; a master was appointed, who, after hearing the testimony, filed a report recommending that a decree be granted to which exceptions were filed. The exceptions were sustained by the court of common pleas, and the libel dismissed.

The date on which libellant alleged the desertion took place was the day of a hearing held before Judge GABLE of the municipal court, at the conclusion of which an order of support was made in favor of the respondent, who returned to their home, packed her belongings and turned over the key to the real estate agent. Libellant contends that this withdrawal from the home constituted the act of desertion.

Libellant and respondent were married in the City of Philadelphia on February 23, 1920. At the time of the marriage libellant was a teacher in the public schools and respondent a dressmaker, and they lived happily in the City of Philadelphia for some years and acquired several properties in their joint names. According to libellant's testimony, their disagreements arose over the presence of the wife's mother and sister in the home and money matters. Sometime in December, 1930, the wife complained to the municipal court; a hearing was held in April 1931, and at the suggestion of the court, they continued to live together and various payments were made by libellant by check and cash until July 2, 1931 when the wife again complained to the municipal court. A few days later the husband paid five dollars in cash but no further payments were made until after the hearing held before Judge GABLE on October 6, 1931. The record of the hearing was offered in evidence and the portion thereof bearing on the departure of the wife from the home is as follows: "The Court: I will make an order of $14 a week and you will have to adjust your

property rights between you. Mr. Gray: There is no way under the law we can do anything. He has possession of the property. Mr. Miller: An order of $14 a week on a basis of his earnings of $43 a week, when he has to pay the interest on the mortgages...... The Court: I am not basing it upon that. Mr. Gray: I will be glad to adjust that if we can come to an agreement. Mr. Miller: There is one property they are living in and another property not carrying itself. We will give it to her. The Defendant: If she will assume both responsibilities she can have them. Mr. Gray: We will take both properties, we will take a deed to them. Don't make any offer you won't carry out, because I am picking up anything. I'll take a chance. The Defendant: I will give the property. By Mr. Gray: Q. (To defendant): And the other one, too? A. The other one has been carrying itself...... Q. Will you give it to us? A. What will I get in return? Q. Nothing. This is a gift. Mr. Gray: He said he will give both properties. He is trying to show it is not...... The Court: It is made on the assumption she will not live in the house. Mr. Gray: We are not asking anything, but when he offers something I am ready to grab it. The Defendant: She is not willing to live with me as husband and wife; she is going to leave the property and to get $14 a week, is that it? The Court: That is the order of the court—$14 a week, for support. The Defendant: She is to leave the house? Mr. Gray: We will do that, if that is your Honor's thought.......

(Order of $14 a week for the support of wife; wife to leave home)."

"And now, Oct. 6, 1931, the Court orders and decrees that the said Defendant pay to his wife......the sum of ......$14...... dollars per week for the support of herself, within named, from the 6th day of Oct. A. D. 1931, and give security real estate by his own bond to

the Commonwealth in the sum of $500 for the faithful performance of this order, pay the costs and stand committed until the order is complied with.

Agreed, order made with conditions, wife leaves property now living in.

GABLE, Judge."

In the report of the master he stated: "There is nothing in the Municipal Court record to show that the libellant expressly agreed that his wife should live apart from him. The 'agreement' probably related to the amount of the weekly payments, particularly in view of the dispute about the disposition of the real estate." To this expression the court below in its opinion stated: "We do not think the proceedings in the Municipal Court will bear the implication suggested and they rather seem to indicate that the libellant desired to leave no room for doubt or misunderstanding as to the terms of the order about to be made." With this we agree. From December 1930 to October 6, 1931, the wife had been desirous of obtaining support from her husband, during which time she continued to live with him but had received no support from July 4, 1931 to the date of the hearing. To our minds the order of the court was conditioned upon the fact that respondent was to leave the home and her withdrawal cannot be regarded as a wilful and malicious desertion without reasonable cause. It is clear that under the circumstances she was entitled to support from her husband, and if the amount of the order was determined by some action upon her part, it was not her voluntary act but rather a direction by the court. Granting that the colloquy which took place at the bar would bear the interpretation stressed by the appellant, still we are convinced that every doubtful interpretation should be resolved in favor of the wife, under which circumstances the withdrawal from the home was not wilful and malicious. We have fully considered the testimony of

libellant's counsel concerning efforts made with respondent's counsel to amicably adjust their clients' difficulties, but are not convinced that it overcomes the interpretation which we place upon the effect of the order of the municipal court. The testimony of the wife as to their marital difficulties, in ,itself, would not have justified her in withdrawing from the home, as it does not establish such cruel and barbarous treatment or indignities to the person as would have entitled her to a divorce, but as her withdrawal from the home was in compliance with the direction of the court it cannot be regarded as a wilful and malicious desertion without reasonable cause.

Decree affirmed.