# MALOUF v. MALOUF

(No. 2107; May 16, 1939; 90 Pac. (2d) 277)

(Rehearing denied without opinion, July 11, 1939)

234

For the defendant and appellant, the cause was submitted on the brief of *Louis Kabell, Jr.* of Evanston, Wyoming.

For the plaintiff and respondent, the cause was submitted on the brief of *T. S. Taliaferro, Jr.* and *A. L. Taliaferro* of Rock Springs.

KIMBALL, Justice.

This is an appeal by the wife from a judgment granting the husband a divorce on the ground of desertion, and providing for the custody and support of four minor daughters.

The husband as plaintiff filed his petition on October 31, 1936, charging that "for more than one year prior to the filing of this petition, the defendant wilfully deserted the plaintiff, and ever since has failed and refused to live with the plaintiff, notwithstanding the fact that the plaintiff has courted the defendant to resume her residence with the plaintiff and·has prom-

ised the defendant to do all in his power to render their domestic relations happy."

The ground as stated in the statute (R. S. 1931, § 35-108, par. 4) is "when either party has wilfully deserted the other for the term of one year."

The defendant in her answer, after denying the fact of desertion, alleged as a separate defense that in a former action in the same court between the same parties, wherein the wife had petitioned for support of herself and the children and the husband by cross-petition had sought a divorce, the court had found in favor of the wife on the merits, and on October 12, 1935, duly made and entered judgment which continued in full force. The answer quotes enough of the findings and judgment to show that it was decided that the husband had been guilty of extreme cruelty toward the wife who with the four children had left the home of the husband because of his conduct, and it was found that the wife was entitled to a "decree of separate maintenance as prayed for in her petition." It was adjudged that the wife have the custody of the children; the possession of certain articles of household furniture to be delivered by the husband to her at her "place of abode" in Evanston, Wyoming, and that the husband pay $70 per month (or $60, and certain food) "for the support and maintenance" of the wife and children.

A demurrer to the separate defense on the ground that it "set forth no fact constituting a defense to plaintiff's petition," was sustained by the judge of the third district, the district in which the action was pending. Thereafter, the divorce action was referred for trial and determination to the judge of the second district, by an order which contains no reference to the judgment for separate maintenance in the former action. The plaintiff at the trial insisted, and the trial judge agreed, that the judge of the third district re-

tained jurisdiction of the separate maintenance proceeding.

On the trial there was evidence that in November, 1934, the wife and children left the husband's home, on a farm about two miles from Evanston, and went to Evanston, where she had continued to live. On November 26, 1935, the husband wrote a letter to the wife asking her to return to his home. The wife refused to return, and the husband contends that the refusal was an unjustified rejection of his offer to effect a reconciliation. The judgment in the former action for separate maintenance, pleaded by the wife but eliminated by demurrer, was incidentally referred to during the trial, but was not put in evidence.

The trial judge found that "for more than one year prior to the filing of the plaintiff's petition herein, the defendant wilfully deserted the plaintiff, without just cause or excuse, and ever since has failed and refused to live with the plaintiff, notwithstanding the fact that the plaintiff, after said desertion, had requested the defendant to resume her residence with the plaintiff, and had promised the defendant to do all in his power to render their domestic relations happy"; granted a divorce; ordered that the husband pay $50 a month for support of the children, and retained jurisdiction of the parties and their property for the purpose of final division of the property in the future if that should be found advisable.

The judgment as originally entered made no reference to the judgment for separate maintenance, but the next day by amendment it was provided that the judgment in the divorce action should not affect the liability of the plaintiff under the separate maintenance order, and that plaintiff should be liable to the defendant for all sums due under said order up to the date of the judgment in the divorce action.

We think it was error to sustain the demurrer to the

wife's separate defense alleging the judgment for separate maintenance which we assume was rendered in a proceeding under section 35-121, R. S. 1931, which provides:

"When the husband and wife are living separately, or when they are living together, but the husband failing and neglecting to contribute to the support of the wife and children, or either, and no proceeding for divorce is pending the wife may in behalf of herself or minor children if any or either, institute a proceeding by petition setting forth fully her case and upon five days' notice to the husband, if he can be served personally with notice in the state, the judge may hear the same in term or vacation, and grant such order concerning the support of the wife and children or either, as he might grant, were it based on a pending proceeding for divorce, * * *."

The judgment as pleaded shows that it was decided that the parties were then living apart under conditions that made it the duty of the husband to support the wife and children. It cannot be held that the wife was guilty of any matrimonial offense in resorting to the statutory proceeding. The judgment in that proceeding was not intended to establish a permanent status for the future (see Brown v. Brown, 23 Wyo. 1, 11, 146 P. 231), but it did recognize and sanction a separation which might continue until there was a change in the conditions that induced the court to render it.

It is stated in Bishop on Marriage, Divorce and Separation, vol. 1, § 1760, that "a wife does not desert her husband by living apart from him under a judgment requiring him to pay her an allowance for her maintenance," citing Weld v. Weld, 27 Minn. 330, 7 N. W. 267. The cited case was an action to bar dower under a statute giving the husband that remedy when deserted by his wife for one year. It was admitted by the pleadings that on February 1, 1878, in an action

between the same parties, it had been ordered and adjudged that the husband pay the wife a monthly sum for her support and maintenance, and that the judgment remained in full force and effect. It was held that the desertion by the defendant wife, alleged to have commenced August 15, 1877, ceased to be such on February 1, 1878, because "the judgment then rendered for her separate maintenance authorized her to live separate and apart from her husband." It was said that the word "desertion" in the statute was used in the same sense as "wilful desertion" in the divorce statute, and that "a separation which is sanctioned by the decree or judgment of a court of competent jurisdiction is neither wrongful nor unlawful, and cannot be made a ground for divorce as against the party rightfully acting under it." Recently, in Slavinsky v. Slavinsky, 267 Mass. 28, 33, 190 N. E. 526, 528 (citing the Weld case and Taylor v. Taylor, 72 N. H. 597, 57 Atl. 654) it was said: "A separation which is sanctioned by a court of competent jurisdiction is not unlawful and is not a violation of matrimonial duty. It cannot be a ground for divorce against a spouse rightly acting under it." See, also, Harding v. Harding, 198 U. S. 317; Kalisch v. Kalisch, 9 Wisc. 529; Miller v. Miller, 150 Mass. 111, 22 N. E. 765; Reibesehl v. Reibesehl, 106 N. J. Eq. 32, 149 Atl. 823; Rylee v. Rylee, 142 Miss. 832, 108 So. 161; Appelton v. Appelton, 97 Wash. 199, 166 Pac. 61.

If the pleaded former judgment had been proved, the most that the husband could have contended under the evidence was that the wife was guilty of desertion by continuing the separation after the overtures initiated by his letter of November 26, 1935. See Slavinsky v. Slavinsky, supra; Rylee v. Rylee, supra; Appelton v. Appelton, supra. On that theory the period of deser-

tion began after November 26, 1935, and less than one year before October 31, 1936, when the husband's petition was filed.

The judgment will be reversed, and the case remanded for further proceedings consistent with this opinion.

RINER, Ch. J. and ILSLEY, District Judge, concur.