FRANK FRYAUF, SR., Appellee, v. CARRIE FRYAUF, Appellant.

No. 46472.

JUNE 6, 1944.

Dutcher, Ries & Dutcher, of Iowa City, for appellant.

Swisher & Swisher, of Iowa City, for appellee.

WENNERSTRUM, J.—Plaintiff seeks a divorce from his wife on the ground of desertion. The defendant wife interposed a general denial and further alleged that the plaintiff and defendant were living separately by virtue of the terms of a decree of separate maintenance previously granted her. The trial court granted a decree of divorce to the plaintiff and the defendant has appealed.

The principal question involved in this appeal is whether or not the appellant wife is guilty of willful desertion of her husband without reasonable cause inasmuch as she had previously obtained a decree of separate maintenance. It is the claim of the appellee husband that the period of desertion has continued since the entering of the separate-maintenance decree.

A narration of the domestic difficulties of the parties to this suit is not essential to a decision in this case. However, the

following facts disclose the legal actions in which these parties have been involved. The record discloses that this was appellee's second marriage.

Carrie Fryauf and Frank Fryauf, Sr. were married August 28, 1929. In January 1932 the husband filed an action for divorce on the grounds of cruel and inhuman treatment. There was a trial, which resulted in a denial of the divorce to the husband. Thereafter, in November 1934, Carrie Fryauf brought an action for separate maintenance on the grounds of cruel and inhuman treatment. This action was tried in March 1935, and the court, on May 22, 1935, signed a separate-maintenance decree, which provided for the payment of $15 per month to the wife and granted her the use and occupancy of the homestead property of these parties and also the use of the household goods. Appellee has paid no part of the monthly payments ordered by the court. In April 1936, Carrie Fryauf brought an action against Frank Fryauf, Sr. for divorce, in which she asserted the defendant in that action had refused to properly provide for her, had sought to drive her from the homestead property, and that the defendant had entirely disregarded the orders of the court in the separate-maintenance action to provide for her support. Plaintiff in this last action specifically alleged that Frank Fryauf, Sr. had been guilty of such cruel and inhuman treatment of the plaintiff as to injure her health and endanger her life. This last-referred-to action apparently was never tried. In April 1942, Frank Fryauf, Sr. commenced the present action for divorce on the ground of statutory desertion. The case was tried during January 1943, and a decree was entered on September 18, 1943, which, as previously stated, granted a divorce to the appellee husband. It is contended that the desertion which is relied on by the appellee husband covered the period from September 1934, when the parties separated, to the time of the filing of the present action for a divorce, which is now before us for consideration.

The appellant maintains that the appellee has failed to establish by evidence that she deserted him "without reasonable cause." The appellant further asserts that she has established by the adjudication in the separate-maintenance action that her desertion, if at all, of the appellee was with "reasonable cause."

I. Inasmuch as the principal question presented here concerns the effect of a decree of separate maintenance and whether or not a wife who has such a decree is guilty of desertion, it appears advisable to review the authorities generally on this proposition and the Iowa cases which indicate the attitude of this court on matters of this character.

In 17 Am. Jur. 209, section 111, it is stated:

"It seems to be clear that a decree of divorce for desertion cannot be predicated upon the mere living apart of the husband and wife, pursuant to a decree of separation, even though the wife, while living apart under a decree of separation, refuses to resume living with the husband or cohabitation."

It is further stated in the previously referred-to authority, at page 210, section 112, as follows:

"The courts quite uniformly make an effort at reconciliation a condition of desertion, except where, in a particular case, the arbitrary application of that doctrine would work a hardship or injustice or where the failure to make the attempt may be excused by acts or conduct of the other spouse."

It is further stated in this same authority, at page 211, section 115, as follows:

"The overtures for reconciliation must be made in good faith in order to put the other spouse in the wrong and place him or her in the legal position of the deserter. Such overtures cannot be made merely to lay a foundation for a divorce proceeding."

In 27 C. J. S. 564, section 36, it is stated:

"Where the separation is authorized by the court, as by a judgment of limited divorce, it will not support an action for divorce based on desertion, even though the separation is persisted in over the efforts of the other party to effect a reconciliation, but as to this there is contrary authority."

In the case of Leonard v. Leonard, 174 Iowa 734, 735, 156 N. W. 803, we held, in an action for separate maintenance, that if the plaintiff had good cause for leaving her defendant hus-

band this did not constitute desertion. We have concluded, under the facts in the present case, that the legal separation of the appellant wife from her husband constituted a good cause for not living with him and did not constitute desertion. The fact that she had obtained a decree of legal separation, on grounds which to the court were considered good and sufficient, cannot now be construed as resulting in the desertion of the husband by the wife.

In the case of Doolittle v. Doolittle, 78 Iowa 691, 695, 43 N. W. 616, 6 L. R. A. 187, we held, in passing upon a divorce action there presented, that inasmuch as the plaintiff in that action had left the defendant for good cause there was no desertion. See, also, Kupka v. Kupka, 132 Iowa 191, 109 N. W. 610.

In the case of Williams v. Williams, 33 Ariz. 367, 372, 265 P. 87, 89, 61 A. L. R. 1264, 1267, it is stated:

"The wife cannot be convicted of wilful desertion while living apart from her husband as a competent court has said she could do."

In the case of Bliss v. Bliss, 208 Minn. 84, 85, 293 N. W. 94, 95, it is stated:

"Where a wife is living apart from her husband under an order or judgment of the court, the separation is neither wrongful nor unlawful for the reason that such order or judgment determines that there is legal cause for the separation and thus gives it legal sanction. Such a separation is for legal cause and with legal excuse." (Citing cases.)

A further holding to the effect that a legal separation under and by virtue of a decree of separate maintenance does not constitute desertion is found in the case of Boger v. Boger, 86 W. Va. 590, 592, 104 S. E. 49, 50, where it is said:

"Desertion under such circumstances is a legal impossibility. The decree awarded the wife affirmed her right to live separate and apart from her husband and absolved her from duty to cohabit with him or even to treat him kindly. Though still his wife in a qualified sense, she was relieved of personal duty to

him in any way. She could lawfully absent herself from him. Her exercise of that right could not amount to any misconduct or wrong toward him, in the legal sense of the terms."

See, also, Malouf v. Malouf, 54 Wyo. 233, 90 P. 2d 277, and cases cited; Kunze v. Kunze, 153 Minn. 5, 189 N. W. 447, 25 A. L. R. 1045, and annotation at pages 1047, 1049; also annotation following case of Williams v. Williams, 33 Ariz. 367, 265 P. 87, 61 A. L. R. 1264, 1268, 1269.

A review of the evidence presented in the record before us has caused us to conclude that there was no basis for the court to hold that there had been a desertion of the appellee by the appellant. It is shown that the appellant, after the obtaining of the decree of separate maintenance, lived for a time in the homestead property of the appellee. Appellee in no way provided for her, did not pay the $15 per month which the court ordered paid to her in the separate-maintenance decree, and refused to pay for coal sent to her home. Under all the facts disclosed, appellant in no way deserted appellee.

II. It is appellee's claim in this court that where a party has refused reconciliation after a decree of separate maintenance, such refusal constitutes a basis for divorce upon the ground of desertion. We do not deem it necessary to pass upon the question whether a good-faith effort toward reconciliation will start the necessary period of desertion if the offer is not accepted. We have carefully examined the record and do not observe any good-faith effort on the part of the appellee to effect a reconciliation with his wife after the separate-maintenance decree was entered. It seemed to be appellee's attitude that appellant should take the initiative in effecting a reconciliation. He testified, "* * * she never made no effort to come back."

Upon a review of the entire record and the authorities heretofore set out, we have concluded that the trial court was in error in granting a decree of divorce to appellee and that it should be reversed.—Reversed.

All JUSTICES concur.