**SLAUGHTER v. SLAUGHTER.**

No. 9688.

United States Court of Appeals
District of Columbia.

Argued May 6, 1948.

Decided June 7, 1948.
On Petition for Rehearing Oct. 25, 1948.

Mr. James A. Cobb, of Washington, D. C., for appellant.

Mr. Belford V. Lawson, Jr., of Washington, D. C., with whom Mrs. Charlotte R. Pinkett, Miss Marjorie A. McKenzie, Mr. Joseph A. Brown and Mr. George H. Windsor, all of Washington, D. C., were on the brief, for appellee.

Before EDGERTON, PRETTYMAN, and PROCTOR, Associate Justices.

PER CURIAM.

The District Court awarded a divorce to appellee John W. Slaughter because of desertion by appellant, Maude Smith Slaughter. It found that shortly after the marriage appellant negotiated the purchase of a house that was conveyed to the parties jointly; that she contributed $100 and appellee $1,000 to the down payment; that both signed notes for the balance; and that a lease of the house, which appellant negotiated, had produced more than the amount of the notes. This appeal is from an order awarding the house to appellee. The court found that appellant was entitled to the $100 which she had paid.

The statute provides that "Upon the entry of a final decree of annulment or divorce a vinculo, in the absence of a valid antenuptial or postnuptial agreement in relation thereto, all property rights of the parties in joint tenancy or tenancy by the entirety shall stand dissolved and the court, in the same proceeding in which such decree is entered, shall have power and jurisdiction to award such property to the one lawfully entitled thereto or to apportion the same in such manner as shall seem equitable, just, and reasonable." D.C.Code (1940) § 16–409. "The District Court has the right and duty under the statute, as indeed it had even before its

130

enactment, to exercise a sound judicial discretion in adjusting the property rights of the parties." Oxley v. Oxley, 81 U.S. App.D.C. 346, 348, 159 F.2d 10, 12. We held in that case that in awarding a wife, divorced for desertion, any share in a house to whose purchase she had made no contribution, the District Court abused its discretion. It does not necessarily follow that it would have abused its discretion in the present case if it had awarded appellant more than the amount she had contributed to the purchase of the house. But there was certainly no abuse of discretion in limiting her to that amount. She contends that she is deprived of a property right in violation of the Fifth Amendment. But the statute was in force when the property was purchased. Her property right was plainly limited, then and ever since, by the possibility of the very "type of divestiture" of which she now complains.

Richardson v. Richardson, 72 App.D.C. 67, 69, 112 F.2d 19, 21.

The judgment should be modified to require appellee to pay to appellant the $100 to which the court found she is entitled.

On Petition for Rehearing.

The District Court found that some, at least, of the proceeds of the lease were "being held by the Government to the credit of the parties hereto." The court made no disposition of the fund so held. We interpret the statutory words "all property rights of the parties in joint tenancy", quoted in our opinion filed June 7, 1948, as including not only real but personal property that is owned jointly. The District Court should therefore determine how much personal property the parties owned jointly and should dispose of it in accordance with the statute. The case is remanded for that purpose.