## Krause v. Krause

*Eugene A. Creany, Smorto & Creany,* for plaintiff.

McDONALD, J., May 29, 1956.—The complaint alleges as causes for divorce, cruel and barbarous treatment and desertion. After hearing, the master recommended an absolute divorce on desertion only.

We agree that the evidence was not sufficient to support the charge of cruel and barbarous treatment, but we cannot agree that plaintiff has sustained the burden of proving a wilful and malicious desertion under the provisions of The Divorce Law of May 2, 1929, P. L. 1237, section 10, as amended.

The testimony indicates that in May, 1944, plaintiff charged defendant with nonsupport. Subsequently, an order of support was made by the Court of Quarter Sessions of Cambria County. The testimony which bears on this nonsupport hearing appears on pages 12-13 of the transcript:

"Q. As a result of that hearing did the court make an order of support on your behalf, on your own and on your children's behalf?

"A. Yes, sir.

"Q. And did your husband comply with that order?

"A. He agreed with it.

"Q. He didn't comply with it, but he agreed to pay you?

"A. That's what I mean. He didn't pay anything.

"Q. When he was released on his own bond did he return to Vintondale?

"A. Well, he returned to Vintondale but he didn't come up home because—I mean by that he was always pushing me around and beating me and I was always afraid of him, so he was ordered to leave the house then, to take his clothes and go down town to board, with the arrangement that he would keep on working and pay me and the children so much.

"Q. In other words, the court felt at that time that it was necessary to, in addition to making an order

of support for yourself and the children, direct that he pay you but not live with you in the same household?

"A. That's right.

"Q. Did he go to Vintondale and board at another place?

"A. Yes, he did.

"Q. How long did he stay there?

"A. I don't think he was there more than about a week, or three or four days. Oh, no, he was only there about three days. It was before that he was away a week because we were separated before that. But then after this arrangement was made that he was supposed to pay me, he left about three days after that.

"Q. And have you heard from him since?

"A. No, sir, I haven't."

The Divorce Law requires that a desertion must be wilful and malicious and without reasonable cause. In the instant case, defendant was ordered by the court to leave the common habitation. This was no doubt a justifiable order, apparently made on the complaint of plaintiff that she was in fear of him. Since defendant did immediately comply with the mandate of the court, as indicated in the testimony above, the intent to desert is not shown, nor may it be inferred. The withdrawal of defendant has the aspect of a consensual separation. However, whether it occurred as a result of his agreement with the court order, upon complaint of plaintiff, or by compulsion under the order, in either circumstance the withdrawal may not be considered as wilful and malicious.

If the initial withdrawal is not a wilful and malicious desertion, it may ripen into such by the occurrence of subsequent acts from which an intent to desert may be inferred. While the separation here has been persisted in over a long period of time, far in excess of the statutory two year period, the record fails to disclose any subsequent conduct on the part of defendant

from which can be inferred an intent to desert. His failure to support plaintiff, or offer to be reconciled, are not sufficient to constitute desertion when the separation at its inception was by agreement or under compulsion: Mascolo v. Mascolo, 120 Pa. Superior Ct. 194.

There is testimony in this case which may, if developed, sustain a divorce on the ground of indignities. This cause has not been alleged, however, and if it is to be considered, the complaint must be amended. On the present state of the record an absolute divorce must be denied.

We, therefore, make the following

### Decree

And now, May 29, 1956, the recommendation of the master is rejected and the complaint dismissed at the cost of plaintiff, unless plaintiff within 20 days of this decree shall amend the complaint to include the ground of indignities, and make proper service thereof, in which event the proceedings are rereferred to the master for further consideration.