**G. Jeannette LUNDREGAN, Appellant,**

**v.**

**Thomas F. LUNDREGAN, Appellee.**

No. 2853.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 13, 1961.

Decided Jan. 8, 1962.

1. See our discussion of this subject in Bowles v. Marsh, D.C.Mun.App., 82 A.2d 135, 140.

Walter M. King, Jr., for appellant.

Charles H. Richey, Washington, D. C., also entered an appearance for appellant.

Edmund H. Feldman, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

HOOD, Associate Judge.

Appellant brought this action for a divorce on the ground of desertion. In her complaint she asked that certain real estate, title to which was in the names of herself and her husband as tenants by the entirety, be sold and the proceeds be paid to her. The trial court granted the divorce, but ruled that the husband was entitled to the real estate free from any claim of the wife. She has appealed from that portion of the judgment denying her claim to the real estate.

Upon entry of the divorce decree the trial court was authorized to award the real estate "to the one lawfully entitled thereto or to apportion the same in such manner as shall seem equitable, just, and reasonable." Code 1961, 16–409. The question here is whether the trial court acted within the allowable limits of its discretion in awarding the entire interest in the real estate to the husband.

The evidence disclosed that the parties married in 1934 and had four children.[1] In 1947 the husband purchased a home for $4,500, making a down payment of $500 and taking title in the joint names of himself and his wife. He made the payments on the mortgage and in 1949 the home was sold. About $1,000 was realized from the sale and was used as a down payment on a new home, the property here in question. The price of this home was approximately $11,500 and title was taken in the joint names. Although there was some conflict in the testimony, the court was justified in finding that the husband made substantially all the monthly mortgage payments. Differences

---

1. The husband is contributing to the support of the minor children under order of the United States District Court.

arose between the parties and in 1956 the wife and children left the home.[2] The husband continued to live in the home and to pay the mortgage installments. At time of trial approximately $6,300 remained due on the mortgage. When the wife left the home she took with her the furniture from the children's bedrooms, some living room furniture, and the sewing machine. On the question of the respective claims in the real estate, the trial court said:

> "* * * the Court is not convinced that the wife has acquired any equitable or legal interest therein which would entitle her to be awarded a portion of said real property. Substantially all payments made on the property have been made by the husband, and, upon the entry of this final decree of absolute divorce which dissolves the estate held by the entireties, he is therefore entitled to have the title vested solely in his name."

Appellant argues that the trial court took into account only one factor, namely, the direct financial contribution to the purchase of the home, and that this was error. A wife, appellant argues, may be entitled to an interest in jointly held property even though she never directly contributed to its purchase.

We agree with appellant that the direct financial contribution by the wife, although an important factor, is not the sole and decisive factor in determining her interest in the property. The trial court must "exercise a sound judicial discretion in adjusting the property rights of the parties";[3] it may award a wife the amount she has contributed or a greater amount,[4] or award her a share in the property even though she has made no direct contribution to its purchase. No hard and fast rule can be laid down. Each case must be decided on its particular circumstances; and considering all those circumstances a trial judge in his sound discretion must rule in a manner that seems to him equitable, just and reasonable.

We do not agree with appellant that the trial judge in this case was guided solely by the direct contributions of the parties. We are satisfied that the trial judge considered all relevant factors and reached his conclusion as the result of the exercise of a sound discretion.

Appellant makes the point here that the trial court's ruling divested her of all rights in the property but did not release her from liability for the balance due on the mortgage. This point was not raised in the trial court and our affirmance is without prejudice to appellant's right to apply to the trial court for an order requiring appellee to furnish appellant adequate protection from liability on the mortgage note.[5]

Affirmed.

---

2. The trial court found that the wife was justified in leaving and that the husband was guilty of constructive desertion.

3. Oxley v. Oxley, 81 U.S.App.D.C. 346, 348, 159 F.2d 10, 12.

4. Slaughter v. Slaughter, 83 U.S.App.D.C. 301, 171 F.2d 129.

5. Osborne v. Osborne, 59 App.D.C. 288, 40 F.2d 800.