194 A.2d 828 (1963)
Willie MITCHELL, Appellant,
v.
Walter R. MITCHELL, Appellee.
No. 3302.
District of Columbia Court of Appeals.
Submitted September 9, 1963.
Decided November 4, 1963.
James Shenos, Washington, D. C., for appellant.
Barrington D. Parker, Washington, D. C., for appellee.
Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.
*829 MYERS, Associate Judge.
Appellant wife appeals from a final judgment granting her husband an absolute divorce for desertion, permanent custody of a minor child, and complete ownership of certain jointly-held property.
She claims first that the trial judge erred (a) in holding that, since September, 1958, she had abandoned all marital duties when her evidence showed she had lived with her husband under the same roof for a portion of the statutory two-year period, and (b) in finding that the husband had not condoned her desertion. We do not, however, reach these issues as the uncontradicted facts reveal that the statutory grounds for divorce for desertion were not present.[1]
Both parties concede that they lived together in the marital abode in the District of Columbia until September, 1958, when the wife went to Georgia. There is conflict between them as to the reason for her departure. The husband insists she left him without justification and without his consent; she asserts she went to Georgia with his consent and to take advantage of temporary employment there. On June 22, 1959, the husband, upon his complaint, was granted a final decree for a legal separation from bed and board for cruelty.[2] Both parties admit, however, that thereafter, on holidays and during vacations, the wife lived and visited the minor child at the husband's home in the District of Columbia, but the trial court found there was no cohabitation between the parties.
We have consistently held that desertion means "a voluntary separation of one party from the other without justification, an intention not to return, and the absence of consent or connivance of the other party * * *" Marcey v. Marcey, D.C.Mun.App., 130 A.2d 918, 919. It is our opinion, and we so hold, that a legal separation affects the status of the guilty party as well as the spouse to whom the limited divorce is granted. By the decree of June 22, 1959, the court authorized the parties to live separate lives, without interference from the other, and that decree ended the possibility of a charge of further or continuing desertion against the wife.[3] Therefore, absent the two-year statutory period of continued, uninterrupted desertion by the wife after September, 1958, the judgment for absolute divorce must be reversed.
Appellant also contends there was error in granting custody of a minor child to appellee, with reasonable rights of visitation to her. We have previously ruled that custody of minor children should not be awarded to one spouse while the parents are living together in the same household, as they are equally entitled to custody.[4] Here, however, the parties had separated and by judicial decree were authorized to live apart. The trial judge concluded that the best interests of the minor child would be served by reposing his custody in the father, subject to the visitation rights of the mother, and we find no basis in the record to disturb selection of the father as custodian.
Appellant's third claim is that the trial court committed error in awarding the husband all interest in the personalty and realty held by the parties jointly or by the entireties. When jurisdiction over domestic relations cases was transferred to the Municipal Court (now the Court of General Sessions), doubt was raised as to the power *830 of that court to partition jointly-held property. That uncertainty was removed by the amending act of September 9, 1959,[5] which we have ruled is broad enough to give the trial court authority when a divorce is granted to adjudicate all property disputes between the parties. Where no divorce is granted, however, the court has no power to partition property unless the parties consent thereto.[6]
Although we find that the decree of divorce in this case must be reversed as there was no basis for the award of a divorce on the ground of desertion, there is no doubt from the record that the wife consented to a determination of her interest in the real and personal property held by the partiesin fact, she makes no complaint that the court lacked jurisdiction to make an adjudication but only that it erred in awarding all property to the husband and excluding her from any interest therein. No hard or fast rule or mathematical formula can be applied in adjudicating property rights. Each case must be decided on its own merits. The court heard testimony by both parties on their respective contributions and the record indicates no caprice or judicial unfairness in the trial court's disposition of the property. In view of the consent of both parties to the partition, the court had power to ascertain their respective interests, and we cannot say the manner of division was improper. Oxley v. Oxley, 81 U.S.App.D.C. 346, 159 F.2d 10; Verges v. Verges, D.C.App., 193 A.2d 208, 209.
Affirmed as to award of custody and property interests;
Reversed as to decree of divorce, without prejudice to appellee's filing for enlargement of the final decree of divorce from bed and board into a decree of absolute divorce from the bond of marriage.
NOTES
[1] Code 1961, § 16-403.
[2] Civil Action No. D-1848-58. An appeal was noted from this decree but was withdrawn by consent of attorneys for both parties on October 20, 1959.
[3] Although there are cases to the contrary, this would appear to be the better-reasoned rule. Fryauf v. Fryauf, 234 Iowa 894, 14 N.W.2d 626; Mascolo v. Mascolo, 120 Pa.Super. 194, 181 A. 857; Darden v. Darden, 249 Ala. 55, 29 So.2d 409.
[4] Clements v. Clements, D.C.Mun.App., 184 A.2d 195, 196.
[5] Code 1961, § 11-762.
[6] Verges v. Verges, D.C.App., 193 A.2d 208; Ridgely v. Ridgely, D.C.App., 188 A.2d 296.