Charles William SMITH, Appellant,

v.

Margie Ann SMITH, Appellee.

No. 3673.

District of Columbia Court of Appeals.

Submitted March 22, 1965.

Decided June 16, 1965.

Herman Miller, Washington, D. C., for appellant.

John Alexander, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

This appeal is by a husband from a judgment granting his wife a divorce on the ground of adultery, giving her custody of their minor child, awarding her a half interest in the real and personal property jointly owned by the parties, and ordering the husband to pay a monthly sum for the support of the wife and child, and to pay an attorney's fee and suit money. The husband makes three claims of error.

First, it is claimed that it was error to find the husband guilty of adultery. The finding was supported by substantial evidence and cannot be disturbed on appeal.

The second claim of error goes to the court's ruling that the wife was entitled to an equal division of the real and personal property. The record demonstrates that the properties were acquired through the joint efforts of the wife and husband; and we cannot say it was error to award her a half interest. See Lundregan v. Lundregan, D.C.Mun.App., 176 A.2d 790 (1962).

The final claim of error is more troublesome. Appellant says his only income is from the properties; that when the wife is given a half interest in the properties, her income then equals his, and yet he is required to pay the wife alimony from his reduced income with the net result that the wife will have an income far in excess of his income. This, he says, is punitive, arbitrary and unjust. His argument has an element of persuasiveness, but would be more effective if it were substantiated by adequate records. The husband testified generally as to the value of the properties, the operating costs and the net income; but he produced no records to substantiate his figures. The trial court was not bound to accept the husband's testimony at face value, and in the absence of supporting data may have concluded that his testimony was slanted in his favor. Under these circumstances the record does not convincingly establish an abuse of discretion on the part of the trial court.

Affirmed.