**Doris B. STANLEY, Appellant,**

v.

**Connie L. STANLEY, Appellee.**

**No. 4080.**

District of Columbia Court of Appeals.

Argued Sept. 11, 1967.

Decided Nov. 14, 1967.

Arthur M. Wagman, Washington, D. C., for appellant.

Winfred R. Mundle, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

KELLY, Associate Judge:

The parties to this divorce action were married in the District of Columbia on August 1, 1952. On September 3, 1964, the wife was granted a limited divorce on the ground of cruelty, with custody and support of two minor children. On April 12, 1966, in this action, the husband was granted an absolute divorce on the ground of voluntary separation. Division was also made of certain real property held as tenants by the entireties,[1] with an award to the husband of a ⅝th interest and to the wife of a ⅜th interest in the equity of the property. The wife appeals that portion of the decree which disposes of the real property, asserting that the division should have been equal.

There can be no question that the exercise of sound judicial discretion is required in adjusting the property rights of

[1] D.C.Code § 11–1141 (a) (9) (Supp. V, 1966).

the parties in an action for divorce.[2] It is appellant's position that the trial court abused its discretion by failing to rule that the limited divorce on the ground of cruelty, with her testimony at trial, established appellee's guilt of constructive desertion, and in refusing to find that appellee was estopped from injecting the issue of jointly owned personalty into this case when it could have been but was not raised in the limited divorce action.

The complaint for limited divorce was filed on June 19, 1964, while the parties were living separate and apart in the premises here in dispute. Within a month appellant had moved from the home, giving as her reason appellee's refusal to do so in breach of a prior agreement that he would move and that she and the children would remain in the house. While she was about it, and without her husband's knowledge, appellant took with her all of the furnishings and furniture in the home.[3] Her argument now is that since appellee's conduct forced her from the home and since she was granted a limited divorce on the ground of cruelty, a showing of constructive desertion has been made.

▮▮▮▮ There is no basis for holding that a specific finding of constructive desertion was essential to a disposition of the jointly owned property. It is true that cruelty warranting a limited divorce on that ground can be the basis of an absolute divorce on the ground of constructive desertion. Schreiber v. Schreiber, D.C.Mun.App., 139 A.2d 278 (1958). This is not such a case, however. Nowhere in the limited divorce pleadings or in the judgment was appellant's alleged forced removal from the home put in issue. The complaint alleged cruelty and

the answer was a general denial. The fact that at the time of pretrial, after appellant had left the home, a praecipe was signed reflecting that the action was uncontested as to all issues raises no inference that constructive desertion was one of those issues. Indeed, it could not have been then and cannot be now since a decree of limited divorce changes the status of the parties and permits them to live separate and apart, ending any question of a continuing desertion. Mitchell v. Mitchell, D.C.App., 194 A.2d 828 (1963). This action is also uncontested insofar as it concerns the absolute divorce on the ground of voluntary separation. The primary question before the court was the equitable division of jointly owned real property, a determination to be made through an exercise of sound judicial discretion. We hold that a specific finding of constructive desertion was unwarranted, and unnecessary to that determination.

The division of jointly owned personalty was not a part of the limited divorce action. Although the removal of the furniture from the home occurred after the complaint was filed, prior thereto appellant had appropriated a number of jointly held savings bonds acquired through deductions from the husband's salary. It is now her position that if appellee questioned her right to the furniture and the bonds he should have done so in the limited divorce action and, failing that, he is estopped from raising the issue in this trial. Appellant makes this claim despite the fact that ownership of joint personalty is put directly in issue by the complaint and by the pretrial order.[4]

▮▮▮▮ A request for division of jointly owned personalty may be made in an action

---

2. Slaughter v. Slaughter, 83 U.S.App.D.C. 301, 171 F.2d 129 (1948); Oxley v. Oxley, 81 U.S.App.D.C. 346, 159 F.2d 10 (1946); Hunt v. Hunt, D.C.App., 208 A. 2d 731 (1965); Lundregan v. Lundregan, D.C.Mun.App., 176 A.2d 790 (1962).

3. She returned the next day for the two children.

4. "The only contested ISSUES are:
   1. * * *
   2. Whether there is any personal property in being that is jointly owned by the parties, and if so, what are their respective interests in such personal property?"

for limited divorce.[5] It need not be made, however, and would be inappropriate in many cases where there remains a possibility of reconciliation, however remote. Appellant misreads Posnick v. Posnick, D.C. Mun.App., 160 A.2d 804 (1960), cited in support of her argument on estoppel, for that case concerned the application of the statute of limitations and the doctrine of laches to a claim between husband and wife.[6] In fact, the parties to the case were agreed that estoppel did not apply to a claim by the wife for personal property which could have been but was not asserted in a prior action. We are of like opinion in this case, and hold that it was proper for the trial court to consider the issue of jointly owned personalty in making division of the real property.

The testimony was that the home was purchased in 1956 at a time when both parties were employed, each at an approximate annual salary of $6,000. A $2,000 down payment was made with money borrowed from the wife's sister and repaid, at least in part, out of joint funds. A $4,000 second mortgage was paid in full and, until 1962, monthly payments were made on a $9,000 first mortgage with joint funds. After 1962 appellant contributed nothing towards the monthly payments, although there was some testimony that she paid certain household expenses. These factors, together with all other pertinent testimony, were considered by the trial court in arriving at an equitable division of the real property. The specific findings of which appellant complains, that since 1962 appellee had made a majority of payments on the house and that in 1964 appellant had arbitrarily appropriated jointly owned personalty, were amply supported by the evidence. We find no abuse of discretion.

Affirmed.

5. Ridgely v. Ridgely, D.C.App., 188 A.2d 296 (1963); Posnick v. Posnick, D.C. Mun.App., 160 A.2d 804 (1960).

6. The property in dispute was owned by the wife individually and the claim was made in a suit for absolute divorce eight years after an initial suit for maintenance.