## MICHAEL O'HALEY v. MARY O'HALEY.

The 8th section of the act of 6th January, 1841, concerning divorce and alimony, reads as follows: "If the wife, whether complainant or defendant, has not a sufficient income for her maintenance during the pendency of the suit for a divorce, the judge may allow her a sum for her support proportional to the means of the husband, until a final decree shall be made in the case." (Paschal's Dig., Art. 3456, Note 802.) Where an order for alimony was made under this section, with which the husband failed to comply, and at the trial the jury found against the wife's application for a divorce, an execution cannot be issued to enforce the allowance.

The order for alimony is stated on the ground that the wife's complaint is true; if the jury find against her, the order and all its consequences fall to the ground.

APPEAL from Live Oak. The case was tried before Hon. BENJAMIN F. NEAL, one of the district judges.

The only fact on which the case was decided is sufficiently stated in the opinion of the court.

No brief for the appellant has been furnished to the *Reporter*.

*L. S. Lawhon*, for the appellee, relied upon Wright v. Wright, 6 Tex., 29.

MORRILL, C. J.—Mrs. O'Haley instituted suit against her husband for a divorce, and also applied for alimony. The judge allowed $15 per month for alimony. On the trial for divorce the jury negatived her charges, and the divorce was not granted.

It seems that the alimony was not paid, and the matter in controversy is, whether, under the circumstances, an execution in favor of the wife against her husband ought to be issued for the amount ordered to be paid.

Order for alimony in the first instance was granted, because the presumptions were that the applicant stated facts. And after the verdict of the jury removed this presumption, and thus made it appear that the order had been granted in consequence of false representations, it was the duty of the court to rescind and nullify not only the order so issued, but all the consequences thereof.

The case of Wright v. Wright, 6 Tex., 29, contains principles that are decisive in this case.

Adopting the points therein decided as law, of which we have no doubt, the judge erred in directing the amount decreed for alimony to be collected by execution. Wherefore the judgment is reversed, and cause

DISMISSED.