**COLE v. COLE.**

No. 9391.

United States Court of Appeals District of Columbia.

Argued Jan. 14, 1947.

Decided May 5, 1947.

---

[4] United States v. Goldman, supra note 3.

[5] 1933, 289 U.S. 159, 53 S.Ct. 574, 77 L.Ed. 1096.

[6] 56 Stat. 272, 28 U.S.C.A. § 225 (f).

Mr. Joseph M. Bonuso, of Washington, D. C., for appellant.

Mr. L. George Reder, of Washington, D. C., for appellee.

Before EDGERTON, WILBUR K. MILLER and PRETTYMAN, Associate Justices.

WILBUR K. MILLER, Associate Justice.

This is an appeal from an order of the District Court of the United States for the District of Columbia which adjudged the appellant guilty of contempt of court.

On May 31, 1945, in a suit for absolute divorce then pending, the court ordered the appellant to pay to the appellee $100 per month during the pendency of the suit. Both parties were suing for divorce, the wife on the grounds of voluntary separation and adultery, and the husband on the grounds of desertion and adultery.

The cases were consolidated for trial. On June 12, 1946, the court found that the parties had cohabited within the five-year period, and that both had been guilty of adultery. Both complaints and both cross-complaints were dismissed, but the judgment made no reference to the order concerning maintenance pendente lite. At the time the decree of dismissal was entered, the appellant had failed to pay instalments of temporary maintenance, which had theretofore become due under the terms of the order, in the aggregate sum of $475. Because of such failure, the appellee entered a motion on July 16, 1946, that he be held in contempt.

In a written objection to the motion, the appellant took the position that the order of dismissal entered on June 12, 1946, which made no provision concerning temporary maintenance, terminated the proceeding so that the court had no further jurisdiction. He also argued that, as the wife had been denied a divorce, it followed that she had never been entitled to maintenance. The District Court found the defendant guilty of contempt and directed his imprisonment. This appeal is from that adjudication.

The question is whether the failure to pay instalments of alimony which had accrued under a pendente lite order can be punished by contempt proceedings after the suit for divorce in which the temporary allowance was made has been dismissed by an order containing no reference to the unpaid instalments.

The District of Columbia Code (1940), Title 11, § 326, provides that where a decree directs only the payment of money "no defendant shall be imprisoned except in those cases especially provided for."

The ad interim allowance to the wife in the present case was made under the authority of Title 16, § 410, D.C. Code (1940). The pertinent portion of that statute is as follows: "During the pendency of a suit for divorce, * * * the court shall have power to require the husband to pay alimony to the wife * * *, and to enforce obedience to any order in regard thereto by attachment and imprisonment for disobedience."

Unless the contempt order, entered subsequent to the final decree, was authorized by § 410, it is invalid under § 326.

It will be observed that the power to allow alimony pendente lite and to punish disobedience by imprisonment is given in a single sentence which begins

with the phrase "During the pendency of a suit for divorce." This is qualifying and restricting language. It is particularly appropriate in § 410 which treats only of alimony pendente lite and related topics which may be dealt with by the court prior to a final decree. Permanent alimony is permitted by § 411. The plain meaning of § 410, learned from its purpose as well as its language, is that only so long as a suit for divorce is pending does the section authorize the court to require the husband to pay alimony and to enforce obedience by attachment and imprisonment. Any allowance of alimony which is to be effective after the suit for divorce has ceased to pend must be made under § 411.

■ To hold that disobedience of a pendente lite allowance may be punished by imprisonment under an order entered when the suit for divorce is no longer pending would extend the court's authority beyond the statute. The power to imprison for nonpayment of alimony ordered to be paid pendente lite cannot survive a final decree which does not expressly direct the payment of accrued instalments of temporary allowance. It was so held by this court in Walter v. Walter.[1] That opinion points out that alimony pendente lite is an incident to a suit for divorce and is limited in its duration to the pendency of the proceedings; that it necessarily ends whenever the suit for divorce is finally terminated by a decree, unless provision is made in the final order for the payment of unpaid accruals under the temporary order. The final decree involved in that case made no provision for payment of arrears of alimony pendente lite, and had passed beyond the power of the trial court to correct its terms. In such circumstances, we held that the court could not punish the husband for contempt for failure to pay under the pendente lite order. "The final decree must be regarded," the opinion said, "as having disposed of the whole cause and of every issue in the cause, whether direct or incidental."

The later case of Lesh v. Lesh, 21 App. D.C. 475, held that an order for the payment of alimony pendente lite is appealable.

The court said that such an order may be enforced by execution, although it may wholly fall by final decision on the merits adverse to the petitioner. The Lesh case made no change in the principles announced in Walter v. Walter, supra.

The District Court considered that the Walter case was overruled by Lynham v. Hufty, 44 App.D.C. 589. But, instead of overruling it, the Hufty opinion distinguishes the case of Walter v. Walter by pointing out that there no claim for the unpaid temporary instalments had been made before or at the time of the entry of the final decree, and the matter of the pendente lite allowance was therefore deemed to have been embraced in the final determination of the cause, which failed to require their payment. "The (Walter) case has little or no bearing upon the present case," says the Hufty opinion, "in that here claim was made before final decree, and judgment for the accrued allowance was awarded."

■ We reaffirm the principles of Walter v. Walter and hold that it was not overruled by Lynham v. Hufty. It necessarily follows that, as the final decree in the present case made no reference to the pendente lite instalments which had not been paid at the time of its entry, the District Court thereafter had no power under § 410 to imprison the appellant for not paying the temporary instalments. After the final decree was entered, the case thereafter not being one of those "especially provided for" by § 410 or any other statute, § 326 came into play and forbade imprisonment for violating a decree ordering only the payment of money.

It is of course true that when the instalments of alimony ordered to be paid pendente lite became due and payable under the terms of the order, they became fixed obligations due to the wife which she may be able, by some appropriate proceedings, to collect. The Supreme Court said in Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 686, 54 L.Ed. 905, 28 L.R.A.,N.S., 1068, 20 Ann. Cas. 1061, that "where * * * alimony * * * is made payable in future instalments, the right to such instalments becomes absolute and vested upon becoming

---

[1] 15 App.D.C. 333, 338.

due."` We go no further than to say that, after the final decree, the appellant could not be punished by imprisonment for his failure to pay.

In the Walter case the court expressed a limitation on the question by saying that it was whether "the wife can afterwards, and after the decree has passed beyond the power of correction in the court which rendered it, and beyond the power of review by an appellate tribunal on appeal, go back of that decree and enforce an interlocutory or incidental order for alimony pendente lite which remained partially executed at the time of the rendition of the decree."

█ ▪ In considering the case before us, the question arises, therefore, whether it can be said that the decree of dismissal, which was silent as to the arrears of alimony, had passed beyond the power of correction in the court which rendered it, when the contempt citation was issued. A

party has six months in which to seek modification of a judgment,[2] and three months in which to make application for an appeal.[3] As the contempt order in the present case was entered less than three months after the case had been dismissed, the final decree had not then passed beyond the power of the court to correct it. But the District Court did not purport to correct the final decree. It then had the power, by way of correction, to provide that the unpaid temporary instalments must be paid regardless of the dismissal. Had it done so, disobedience could have been punished as contempt under § 410. Having failed to do that, it cannot be said that the mere citation of the husband for contempt for failing to pay amounted to a correction of the final order.

From what has been said it follows that, in the circumstances, the District Court erred in citing the appellant for contempt. Reversed.

---

[2] Federal Rules of Civil Procedure, rule 60(b). 28 U.S.C.A. following section 723c.

[3] Rule 10 of this Court.