## KERNAN v. KERNAN.

### No. 9357.

United States Court of Appeals
District of Columbia.

Argued Oct. 10, 1947.

Decided Nov. 17, 1947.

Mr. Jean M. Boardman, of Washington, D. C., for appellant.

Mr. Jack Politz, of Washington, D. C., for appellee.

Before EDGERTON, CLARK and WILBUR K. MILLER, Associate Justices.

WILBUR K. MILLER, Associate Justice.

The appellant, Dorothy Agnes Kernan, filed a complaint in the District Court of the United States for the District of Columbia against her husband, Howard Albert Kernan, the appellee, for an absolute divorce on the ground of desertion. Alleging that for some months her husband, who earned at least $60.00 per week, had failed to contribute to the support of their thirteen-year old son, she prayed also for an allowance for the support of the child and gave notice that she would move for alimony pendente lite.

The motion came on for hearing before a trial justice who inquired of appellant's counsel whether the case had been before the Domestic Relations Commissioner, pursuant to the procedure prescribed by Rule 9(h)[1] of the District Court. Counsel replied that it had not, and that he did not intend to permit his client to go before the

---

[1] Rule 9 (h) of the District Court is as follows:

"(1) Commissioner to Investigate and Report. The assistant clerk of court, designated as Domestic Relations Commissioner, shall assist the court in matters involving custody of a child or maintenance for a wife or child. He shall investigate the facts in each case, file a report thereof, including his recommendations, and serve each party with a copy.

"(2) Report; Objections to. Within five days after service of a copy of the report a party may file specific objections thereto, in which event the court upon a hearing will disregard such parts as are objected to. If no objection is filed the full report may be considered by the court.

"(3) Application for Relief; Notice of to Commissioner; Failure to Report, Effect of. The party applying for temporary relief or modification of an order for custody or maintenance shall notify the Commissioner in writing of the application. If within ten days thereafter the Commissioner has not filed his report and the court deems immediate action necessary, it may hear and determine the matter without awaiting the report."

Commissioner, whereupon the trial justice announced that he would not hear the motion until that action had been taken.

Some weeks later the motion again came on for hearing before another justice of the District Court, who also immediately inquired whether the Domestic Relations Commissioner had made a report and was told that he had not. As a matter of fact, it appears that the case had been referred to the Commissioner who had concluded that it would be futile to prepare a report because of the known practice of the appellant's attorney in all cases handled by him to object to, and so render useless, all reports of the Commissioner. The presiding judge, during the colloquy between court and counsel, said:

"There is no evidence before me the child is suffering and the Court's ruling is the Court won't pass upon the question unless she goes before the Domestic Relations Commissioner. The Court thinks that is a good practice and the Court thinks the Court should insist on it without extraordinary reasons which do not appear in this case."

Counsel for appellant requested permission to incorporate in the order the basis of the court's ruling. Three days later, however, in the absence of appellant's counsel, the trial justice made the following statement:

"The Court takes this position: That where a woman refuses to appear before the Domestic Relations Commissioner that the Court should ordinarily decline to grant alimony pendente lite until she does make her appearance before the Domestic Relations Commissioner."

and then added that " * * * ordinarily the Court is justified in refusing temporary alimony where the wife refuses to appear before the Domestic Relations Commissioner." Immediately thereafter, and on July 8, 1946, an order was entered to the effect that the motion for temporary alimony, having been heard in open court, was de-nied. From that order this special appeal was granted.

It is therefore apparent that the learned justice who denied the motion for alimony pendente lite by the order of July 8, 1946, did so because the appellant had declined to submit to the procedure of Rule 9(h), and not because it had been judicially determined, after a consideration of the question on the merits, that a temporary allowance should not be awarded. This appeal challenges the right of the District Court so to refuse, in effect, to consider a motion for pendente lite maintenance because the movant had declined to appear before the Domestic Relations Commissioner.

We held in Brown v. Brown[2] that the District Court's rule does not require either party to an action to appear before or respond to questions asked by the Commissioner, furnish him with any information, or cooperate in any other respect, and that the whole procedure prescribed by the rule is voluntary in nature. That being true, the District Court in the present case acted erroneously in refusing to consider the motion on its merits, and in denying it solely because the movant had elected not to engage in the procedure before the Commissioner. Such action, if sustained, would make involuntary the operation of the rule which has been held to depend on voluntary cooperation.

The District Court's denial of the motion, having been based on an erroneous conception of the rule, was an arbitrary exercise[3] of the discretion which the trial court had as to whether an allowance should be made. It may now be regarded as settled, as heretofore held by this court in the Brown case, that a party to a divorce action may not be required to appear before, or in any way to participate in a proceeding before, the Domestic Relations Commissioner; and that any party is entitled to have a motion for custody of a child or for temporary maintenance for wife or child heard on its merits by the

[2] 77 U.S.App.D.C. 73, 134 F.2d 505, which involved the validity and interpretation of a District Court rule providing for a Domestic Relations Commissioner. This rule, in slightly different language but of essentially similar effect, is now Rule 9 (h).

[3] National Benefit Life Insurance Co. v. Shaw-Walker Co., 71 App.D.C. 276, 286, 111 F.2d 497, 507.

trial judge, regardless of the fact that he has not appeared and declines to appear before the Domestic Relations Commissioner.

We regard as immaterial the fact that, while this special appeal was pending, the case came on for trial on the merits before still a third justice of the District Court, at the conclusion of which a final judgment was entered; for the matter of the allowance of alimony pendente lite was not foreclosed by the judgment, as was the case in Walter v. Walter, 15 App.D.C. 333, .338. Although the final decree in this case made no provision for the payment of temporary alimony, the fact that the question was still open because of the pendency of this appeal was thus expressly recognized:

"That jurisdiction is retained to conduct such further proceedings or to enter such order or judgment with respect to support for the child during the pendency of this action as may be directed by the mandate of the United States Court of Appeals for the District of Columbia in connection with the special appeal now pending before that court."

The fact that this special appeal was pending in this court at the time of the entry of the final judgment in the District Court amply preserves the power of the latter, upon a return of the case, to exercise a sound judicial discretion as to whether a pendente lite allowance should be made and, if so, as to what the amount of it should be. This is consistent with our ruling in Cole v. Cole, 82 U.S.App.D.C. 155, 161 F.2d 883.

This case will be remanded, therefore, with the direction that the District Court proceed to consider on its merits the appellant's motion for an allowance for the period during which the action was pending in that court.

Reversed and remanded.