**David POSNICK, Bonat's Cafe, Incorporated, Appellants,**

v.

**Ethel POSNICK, Appellee.**

**Ethel POSNICK, Appellant,**

v.

**David POSNICK, Bonat's Cafe, Incorporated, Appellees.**

**Nos. 12296, 12297.**

United States Court of Appeals District of Columbia Circuit.

Argued May 6, 1955.

Decided July 7, 1955.

Mr. Jean M. Boardman, Washington, D. C., with whom Mr. James E. Faust, Washington, D. C., was on the brief, for appellants in No. 12,296 and appellees in No. 12,297.

Mr. W. Cameron Burton, Washington, D. C., for appellee in No. 12,296 and appellant in No. 12,297.

Before WILBUR K. MILLER, BAZELON and WASHINGTON, Circuit Judges.

PER CURIAM.

 Mrs. Posnick brought suit in the District Court against her husband, seeking an allowance for maintenance and the payment of sums alleged to be due her. Mr. Posnick resisted both prayers. As to the latter demand, he urged that his wife's claims arose out of a business partnership between them, which had been wound up and terminated by agreement. The District Court heard the case without a jury, and found for the wife. In No. 12,296, the husband appeals.[1] We think there was no error affecting substantial rights. The settlement on which the husband relies was made at a time when the wife was seeking to preserve the marriage relationship, and before the husband had left her. We think the entire transaction as revealed in the record was vitiated by coercion and by non-disclosure amounting to deceit. The District Court had jurisdiction to set aside the settlement and determine the extent of the wife's property rights. Wheeler v. Wheeler, 1951, 88 U.S.App.D.C. 193, 188 F.2d 31; Reilly v. Reilly, 86 U.S.App.D.C. 345, 182 F.2d 108, certiorari denied, 1950, 340 U.S. 865, 71 S.Ct. 90, 95 L.Ed. 632. We think its disposition of the matter was justified on the record before it.

In No. 12,297, the wife appeals from Paragraph 4 of the judgment, which provided that upon payment by the husband of the amounts found to be due the wife, the allowance for maintenance made elsewhere in the judgment should terminate. We think this provision was erroneous and should be eliminated. The wife's claim for amounts owing to her is separate from her claim to maintenance. To what extent and at what time she will be able to collect the amounts due her under the judgment, and what her need for maintenance may then be, are matters about which we cannot speculate. Changed circumstances, of course, would entitle the party adversely affected to apply for relief in the District Court with regard to the amount of maintenance. See Bartlett v. Bartlett, 1954, 94 U.S.App. D.C. 190, 221 F.2d 508, and cases cited at footnote 18. The District Court should be free to decide such an application, if and when one is made, in the light of all the circumstances then existing. Keezer, Marriage and Divorce § 657 (3d ed. 1946); Bernsdorff v. Bernsdorff, 1906, 26 App.D.C. 520.

The judgment should be

Modified by striking Paragraph 4 thereof, and as so modified, affirmed.

---

1. A corporation controlled by the husband, which was made a defendant as to the wife's property claims, joins in the appeal.