**David POSNICK, Appellant,**

v.

**Ethel POSNICK, Appellee.**

**No. 13237.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 8, 1957.

Decided Feb. 7, 1957.

Wilbur K. Miller, Circuit Judge, dissented.

Mr. Jean M. Boardman, Washington, D. C., for appellant.

Mr. W. Cameron Burton, Washington, D. C., for appellee.

Before WILBUR K. MILLER, BAZELON and WASHINGTON, Circuit Judges.

PER CURIAM.

After our decision in Posnick v. Posnick, 1955, 96 U.S.App.D.C. 198, 225 F. 2d 37, the judgment of the District Court was revised to conform thereto. Mr. Posnick promptly paid to Mrs. Posnick the moneys due her under the revised judgment, and then moved to terminate or reduce the maintenance payments to her ordered by that judgment. This motion was denied by the District Court, not on its merits but on the ground that our opinion (cited above) precluded any change in the rate of maintenance un-

less some factor was shown other than the payment of the money judgment.

We think the court misread our opinion, which was not intended so to limit the District Court's power to pass on questions of maintenance. The appellee wife urges, however, that in any event the action of the District Court in denying appellant husband's motion should not be disturbed because the old rate of maintenance—thus allowed to continue—is in fact a fair and just one, especially in view of her own changed circumstances and her tax situation. But we cannot say that the motion and the response established as a matter of law that the husband was not entitled to any modification in the amount of maintenance. We therefore remand the case for a considered determination on the merits by the District Court, exercising its discretion in the light of all the facts and circumstances. Cf. Hunter v. Scruggs Drug Store, 4 Cir., 1940, 113 F. 2d 971, 974; United States v. Nez Perce County, Idaho, 9 Cir., 1938, 95 F.2d 232, 235.

We do not reach the other questions argued and intimate no view concerning them.

So ordered.

WILBUR K. MILLER, Circuit Judge (dissenting).

In the divorce proceeding the husband was ordered to pay the wife the sum of $43,671.30 in settlement of her interest in the partnership between them and in adjustment of other matters, and also was ordered to pay maintenance in the sum of $500 per month. He paid the judgment debt and immediately moved the court to terminate or substantially reduce the amount of maintenance on the ground that, because of the payment of the debt, the wife was no longer in need of support from him. The husband appeals from the denial of this motion.

In support of his motion the husband had the burden of showing such a change in circumstances as would justify the termination or reduction of the maintenance allowance. The mere payment of

a debt, unrelated to maintenance, did not warrant the relief sought, particularly in view of the fact that the money paid to the wife will not produce an annual yield which even approaches the allowed maintenance, and in view also of the fact that the wife contended that her own outside income had been greatly diminished.

Since Posnick failed to support his motion, I think it was correctly denied. Whether the district judge misconstrued our former opinion as requiring that result seems to me to be immaterial; for his order was right, even though he may have given the wrong reason for it. I would affirm.