Ethel POSNICK, Appellant,

v.

David POSNICK, Appellee.

No. 2480.

Municipal Court of Appeals for the
District of Columbia.

Argued Jan. 25, 1960.

Decided May 5, 1960.

W. Cameron Burton, Washington, D. C., with whom Ward B. McCarthy, Washington, D. C., was on the brief for appellant. Thomas B. Heffelfinger and John A. Kendrick, Washington, D. C., also entered appearances for appellant.

Jean M. Boardman, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Mrs. Posnick, appellant here, sued for an absolute divorce on the ground of desertion. She included in her complaint a claim for certain personal property, consisting of china, silverware, paintings, etc., valued at over $11,000, which she alleged was her property and had been left in a restaurant operated by her husband in 1949 when the alleged desertion occurred. She alleged she had demanded return of the property and he had refused her demand. She asked that upon final hearing the husband be ordered to return the property to her or "its present replacement value."

On motion, the trial court granted summary judgment for the husband on the claim for the personal property. The court ruled that because the wife sued the husband in 1951 in the United States District Court for the District of Columbia for an accounting and for maintenance and

had there obtained an award of maintenance and a judgment for more than $40,-000,[1] it was incumbent upon her in that proceeding to have made the claim for personal property here involved and that she was estopped to assert her claim now. The court expressly determined there was no just reason for delay and expressly directed entry of judgment. This appeal followed.

Appellant says that while her claim for personal property could have been asserted in the District Court action, it was not compulsory on her to do so and that no estoppel arose. Appellee agrees that the appeal cannot be sustained on the ground of estoppel, but asserts that summary judgment was proper on either of two grounds asserted in his motion below, namely, lack of jurisdiction and the statute of limitations.

Appellee asserts that the wife's claim to the personal property is based upon her claim of legal title thereto, and since she seeks the return of the specific chattels, or a money judgment for their value, her claim is nothing more than the common-law action of detinue; that the Domestic Relations Branch has no jurisdiction of such a claim, and additionally the claimed value of the property is in excess of the jurisdiction of the Municipal Court in such an action.

■ The Act of April 11, 1956 (Code 1951, § 11–758 et seq., Supp. VIII), creating the Domestic Relations Branch of the Municipal Court, gave it exclusive jurisdiction over all actions for divorce, and vested it with so much of the power as was then vested in the United States District Court for the District of Columbia, whether in law or in equity, as was necessary to effectuate the purposes of the Act. If the property here involved was held by the parties jointly or by entirety, the court upon grant of an absolute divorce would have power, under Code 1951, § 16–409,

---

1. See Posnick v. Posnick, 96 U.S.App.D.C. 198, 225 F.2d 37; 100 U.S.App.D.C. 37, 241 F.2d 442.

to award such property to one or the other of the parties, or apportion it. But it is settled that § 16–409 applies only to property in which a tenancy, joint or by entirety, exists and thus it has no application here.

However, prior to the creation of the Domestic Relations Branch in the Municipal Court, and while the United States District Court for the District of Columbia had jurisdiction of divorce cases, it was held in Reilly v. Reilly, 86 U.S.App. D.C. 345, 182 F.2d 108, certiorari denied 340 U.S. 865, 71 S.Ct. 90, 95 L.Ed. 632, that the District Court "had jurisdiction under its general equity powers to adjudicate and settle a dispute between the parties concerning their respective rights in funds and property which had been acquired by them during marriage, or incident thereto." The authorities cited in the Reilly case, including the citation to District of Columbia Code, 1940, § 11–325, make it abundantly clear that the reference to the "general equity powers" of the District Court had no relation to that court's jurisdiction over divorce actions, but instead to the court's power as a court of general equity jurisdiction.

■ Citing the Reilly case, it was said in Wheeler v. Wheeler, 88 U.S.App.D.C. 193, 194, 188 F.2d 31, 32, that: "* * * it is settled that in a divorce proceeding the court may adjudicate the property rights of the spouses, and award the wife property which belongs to her." But it is made clear in Holcomb v. Holcomb, 93 U. S.App.D.C. 242, 246, 209 F.2d 794, 798, that a wife's claim to property held by her husband does not flow from her right to divorce, but is distinct from and unrelated to her suit for divorce. The two claims may be joined in one action under the Federal Rules of Civil Procedure, 28 U.S.C. A., because the District Court had jurisdiction over divorce actions and also possessed general equity jurisdiction.

The Domestic Relations Branch of the Municipal Court is not a court of general equity jurisdiction. In giving that branch jurisdiction over divorce and other domestic relations actions, Congress granted to the branch "so much of the power as is now vested in the United States District Court for the District of Columbia, whether in law or in equity, as is necessary to effectuate the purposes of this act." [2] The question here is did that limited grant of equity power to the Domestic Relations Branch include sufficient general equity power to confer jurisdiction on the branch of claims of a wife against her husband when such claims do not flow from her claimed right to a divorce?

The question is not free from doubt. In Thomason v. Thomason, D.C.Cir., 274 F.2d 89, it was held that the Domestic Relations Branch in a custody case has jurisdiction over a counterclaim seeking a money judgment for arrears under a foreign decree for the support of minor children. It was there pointed out that such a judgment was a means of enforcing support of minor children, and the Domestic Relations Branch is specifically given jurisdiction over civil actions to enforce such support. The claim here asserted to the personal property in no way affects or enforces the claim to a divorce or the alimony incident thereto.

■■ This brings us to consideration of the Act of September 9, 1959,[3] which amended the jurisdictional section of the Domestic Relations Branch Act. By this amendment the Domestic Relations Branch was given jurisdiction of "determinations and adjudications of property rights, both real and personal, in any action hereinabove referred to in this section, irrespective of any jurisdictional limitation imposed on the Municipal Court for the District of Columbia." Both the House [4] and

---

2. Code 1951, § 11–763 (Supp. VIII).

3. Code 1951, § 11–762 (Supp. VIII).

4. H.R.Rep. No. 988, 86th Cong., 1st Sess., pp. 1, 2 (1959).

Senate [5] reports contain the following statements concerning the amendment:

"The purpose of this bill is to clarify and define the authority of the domestic relations branch of the municipal court to adjudicate the interests of husband and wife in personal and real property in the District of Columbia, in all actions coming before the domestic relations branch, other than proceedings in adoption.

\* \* \* \* \* \*

"Since some members of the court have expressed concern as to whether the domestic relations branch in the municipal court has jurisdiction in these matters relating to the adjudication of property rights, your committee feels that it is desirable to resolve this doubt by specifically conferring jurisdiction upon the court."

It is our understanding that the concern of the judges of the Domestic Relations Branch was over the question whether, despite lack of statutory authority, the Domestic Relations Branch could order partition of jointly owned property upon the grant of a limited divorce, as was said in Tendrich v. Tendrich, 90 U.S.App.D.C. 61, 193 F.2d 368, could be done under the exercise of general equity jurisdiction. We think it is clear that under the amendment the Domestic Relations Branch now has authority, on granting a limited divorce, to provide for partition of property, real or personal, held by the parties jointly or by entirety, and to award such property to the one legally entitled thereto or to apportion the same, in the same manner in which it may act on the grant of an absolute divorce.

The question is whether the amendment goes further and empowers the Domestic Relations Branch in a divorce proceeding to adjudicate the respective rights of the parties in any or all property to which one or the other makes claim. Stated another way, does the Domestic Relations Branch now have power to adjudicate between the parties respecting a claim to property when such claim does not flow from the marriage but is a property claim completely separate and distinct from any claim to divorce?

Appellee argues that the amendment granted jurisdiction over property rights inherently incident to the principal domestic relations action, in this case the divorce action, and does not give jurisdiction over a property claim which is distinct from and unrelated to the divorce action.

We are inclined to the view, and so hold, that the language of the amendment is so broad that in a divorce action the Domestic Relations Branch has jurisdiction to adjudicate all property disputes between the parties.[6] To read the language as restricting the power of adjudication to only those property rights incident to the marriage would in many instances result in multiplicity of actions and perhaps extended litigation. In MacLennan v. MacLennan, 311 Mass. 709, 42 N.E.2d 838, 839, cited in Reilly v. Reilly, 86 U.S.App.D.C. 345, 182 F.2d 108, certiorari denied 340 U.S. 865, 71 S.Ct. 90, 95 L.Ed. 632, it was said:

"The existence of a readily available method of settling disputes over property completely and finally in the same court which deals with the marital relations of the parties may be a substantial aid to the efficient administration of justice."

■■ Having determined that the Domestic Relations Branch had jurisdiction of the property claim, we turn to appellee's argument that such claim was barred by the statute of limitations.

Appellant says the statute of limitations is not applicable to actions between husband and wife prior to divorce, citing

5. Sen.Rep. No. 680, 86th Cong., 1st Sess., pp. 1, 2 (1959).

6. See Harris v. Harris, 106 U.S.App.D.C. 282, 272 F.2d 511.

Curles v. Curles, D.C.D.C., 136 F.Supp. 916, affirmed 100 U.S.App.D.C. 43, 241 F. 2d 448. This appears to be the general rule, and is based upon the theory that domestic discord would surely follow litigation between spouses, and that one spouse should not be compelled to sue the other for fear that rights would be lost by lapse of time. See Annotation, 121 A.L.R. 1382. But we do not believe the rule is applicable under all circumstances. When the reason for the rule does not exist, the rule should not apply. As was said by Judge Washington, concurring in Holcomb v. Holcomb, 93 U.S.App.D.C. 242, 247, 209 F.2d 794, 799: "But the reason for the rule—to preserve domestic tranquility—has no application here. Where spouses have been separated throughout the entire span of the delay the better reasoned cases hold that the doctrine of laches may be applied."

In the case before us, according to the wife's own complaint, her husband deserted her without cause on August 15, 1949 (and this was found to be a fact by the United States District Court), and at that time the personal property here claimed was in a restaurant then operated by him; and the desertion has continued since that time. This action was commenced more than eight years after the desertion. In 1951 she successfully sued her husband for maintenance and an accounting. That litigation reached the United States Court of Appeals for the District of Columbia on two occasions, once in 1955 [7] and again in 1957,[8] but even the second appeal did not settle the litigation. As the trial court in the present action stated, "these parties have been in constant litigation against each other since 1951." It would be absurd to say that a rule designed to protect domestic tranquility has any application here. The wife admits she could have joined her claim for the personal property along with her other claims in 1951. It does not make sense to say that she refrained from asserting her present claim because of a possibility of reconciliation. This claim was minor in amount compared to the claims asserted in the District Court. Whether we apply the statute of limitations or the doctrine of laches, the claim was barred and was properly denied.

Affirmed.

7. Posnick v. Posnick, 96 U.S.App.D.C. 198, 225 F.2d 37.

8. Posnick v. Posnick, 100 U.S.App.D.C. 37, 241 F.2d 442.