**Emma J. JOHNSON, Appellant,**

v.

**Clarence L. JOHNSON, Appellee.**

**No. 4575.**

District of Columbia Court of Appeals.

Argued June 30, 1969.

Decided Oct. 15, 1969.

See also, D.C.App., 221 A.2d 85.

Howard Vogel, Washington, D. C., for appellant.

Roy M. Ellis, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and FICKLING and NEBEKER, Associate Judges.

PER CURIAM:

This is an appeal from a judgment granting a divorce, establishing the parties' property rights and fixing alimony payments.

The divorce was granted on the basis of a finding that the parties had voluntarily lived separate lives for a period exceeding one year. Appellant argues that the trial court erred in finding the separation to have been voluntary. The evidence on this issue was conflicting and we cannot review factual findings when there is sufficient evidence to support them. Henderson v. Henderson, D.C.App., 206 A.2d 267 (1965).

 The trial court ordered that title to the house in question, which had been in the name of both parties, be placed in appellee's name alone. This order stemmed from a finding, which was uncontradicted, that appellee had purchased the house prior to the marriage dissolved herein and had at all times thereafter maintained it with his resources. This order was within the discretion of the trial court and cannot be disturbed on appeal. Mazique v. Mazique, 123 U.S.App.D.C. 48, 356 F.2d 801 (1966).

The trial court ordered appellee to continue to pay appellant the $60.00 per month sum as alimony that had been previously ordered paid as support. Appellant contends that inasmuch as she was divested of any interest in the house by the divorce proceeding, the continuation of the prior sum, which took into consideration the fact of her being able to reside in the house, was error. As far as the record shows, however, appellant is still being allowed the privilege of residing, cost-free, in the house (and such was the situation at the time this appeal was argued). So long as she is permitted to so live, she cannot claim changed circumstances. The fact that appellant has been made insecure by the trial court's action is not an adequate basis upon which to ground an appeal.

At present, appellant's claim is based on a hypothetical situation not shown to exist in fact. Should appellant's apprehensions prove warranted, she may apply, under D.C. Code 1967, § 16–914, for an increase of alimony.

Affirmed.