**Anita KING, Appellant,**

v.

**Rufus KING, Appellee.**

**No. 5873.**

District of Columbia Court of Appeals.

Argued Nov. 2, 1971.

Decided Jan. 24, 1972.

Peter R. Sherman, Washington, D. C., for appellant.

Alvin L. Newmyer, Jr., Washington, D. C., for appellee.

Before FICKLING, GALLAGHER and PAIR, Associate Judges.

PAIR, Associate Judge:

This appeal is from a divorce decree settling property rights and awarding alimony. The action was commenced by appellant (herein the wife) with a complaint for separate maintenance [1] demanding of appellee (herein the husband), *inter alia,* $1,000 per month, pendente lite and permanently for her separate maintenance. The wife demanded also that the husband be required to pay all bills and debts reasonably incurred by her for support and maintenance up to the entry of any order for separate maintenance.

The husband by his answer denied the essential allegations of the complaint and counterclaimed for legal separation on the ground of cruelty.[2] However, before trial and after the expiration of one year from the date of the separation, the husband by amendment to his counterclaim demanded an absolute divorce on the ground of constructive desertion.

At the trial it was stipulated and agreed that the court should hear the cause as one for absolute divorce on any ground established by the evidence. Then followed evidence in substance as follows: The parties were married in the District of Columbia on December 28, 1967, and the wife, who had been gainfully employed in New York for many years, gave up her job and took up residence with her husband in a house in Chevy Chase, Maryland, which he had owned and occupied for approximately ten years. The husband caused the title to the house to be changed so as to vest in the two of them jointly.

Sometime thereafter, the husband and wife purchased a house in the District of Columbia known as 3524 Williamsburg Lane, N. W., taking title as tenants by the entirety and the Maryland property was sold.

The parties ceased to cohabit as husband and wife on November 12, 1969, voluntarily separated on January 12, 1970, and thereafter lived separate and apart. During the period between the separation and the filing of her complaint on June 14, 1970, the wife incurred debts in the approximate amount of $4,500 for various goods and services.

At the conclusion of the trial, the court found as facts that (1) for more than one year immediately preceding the trial the husband and wife had lived separately and apart, mutually, voluntarily and continuously without cohabitation, (2) much of the marriage life, which was less than two years, was without marital "enjoyment because of the [wife's] efforts to boss the [husband], treating him as a child, and to rule the marital domicile or ruin it," (3) the wife was then employed part-time and was capable of obtaining full-time employment when she in good faith sought it, and that she was entitled to financial "assistance during the ensuing year" in the amount of $400 per month, (4) the property in Chevy Chase, Maryland, had been owned by the husband for more than ten years prior to the marriage and the wife made no contribution toward its maintenance, and (5) all the funds used for the purchase, upkeep and improvement of premises 3524 Williamsburg Lane, N. W., were exclusively those of the husband and when he caused the property to be titled jointly in their names he did not intend to make a gift to the wife—but rather to assure, during the continuance of the marriage, her right of survivorship.

The conclusions of the court from these findings insofar as here pertinent were that (1) the husband was entitled to an absolute divorce on the ground of voluntary separation for more than one year without cohabitation,[3] (2) the wife was not entitled to an order requiring the husband to assume responsibility for approximately $4,500 in debts incurred by her following the separation, (3) the husband was entitled to sole ownership of premises 3524 Williamsburg Lane, N. W., Washington, D. C.,[4] and (4)

1. D.C.Code 1967, § 16–916(a).

2. D.C.Code 1967, § 16–904(a).

3. D.C.Code 1967, § 16–904(a).

4. D.C.Code 1967, § 16–910.

the wife was entitled, for one year, to alimony in the amount of $400 monthly.[5] Judgment was then entered in accordance with the findings and the conclusions based thereon, and this appeal followed.

The wife makes three claims of error, two of which can be disposed of without extended discussion.

■ One contention is that the trial court erred when it refused to order the husband to assume responsibility for approximately $4,500 in debts incurred by her after the separation and before the filing of her complaint for separate maintenance. The short answer to this contention is that for such debts, causes of action lie with the individual creditors. Each creditor can recover from the husband by showing that the wife had express or apparent authority to pledge the credit of her husband or that the goods or services furnished were necessaries, which the husband, without justification, had not provided. Maschauer v. Downs, 53 App.D.C. 142, 289 F. 540 (1923); Richards v. Kaplan, D.C.Mun.App., 143 A.2d 511 (1958).

■ The wife contends next that the trial court erred in forfeiting her interest in the jointly-owned family home. The wife recognizes, of course, that upon entry of the decree of absolute divorce all the property rights of the parties in the tenancy by the entirety stood dissolved and that the trial court was privileged to "award the property to the one lawfully entitled thereto or apportion it in such manner as seems equitable, just, and reasonable." [6] In this connection, the established law in this jurisdiction is that when

. . . real property is purchased entirely by one spouse, and title is taken in the names of both as tenants by the entirety . . . the consideration to be implied for the share of the non-purchasing spouse is the faithful performance of . . . her marriage vows. [Sebold v.

Sebold, D.C.Cir., 444 F.2d 864, 872 (1971).]

*See also* Mazique v. Mazique, 123 U.S.App.D.C. 48, 356 F.2d 801 (1966); Oxley v. Oxley, 81 U.S.App.D.C. 346, 159 F.2d 10 (1946); Johnson v. Johnson, D.C.App., 257 A.2d 482 (1969); Lundregan v. Lundregan, D.C.Mun.App., 176 A.2d 790 (1962).

■■ The crux of the wife's argument is that, in awarding the property to the husband, the trial court erroneously based its conclusion on the finding that she had made no direct financial contribution toward the purchase or maintenance of the properties involved.

It is true that a direct financial contribution is not the sole or necessarily the decisive factor in settling property rights upon dissolution of a marriage. However, the record in this case does not support the wife's contention that the trial judge was influenced solely by the fact that she had made no financial contribution.

We are satisfied, after review of the findings respecting the attitudes and conduct of the wife, that the trial judge considered all relevant factors and arrived at his conclusion after the exercise of a sound discretion. Because the disposition was within the court's discretion, it may not be disturbed on appeal. Johnson v. Johnson, *supra;* Lundregan v. Lundregan, *supra.*

The wife contends finally that the trial court, in predetermining that alimony payments should terminate after one year, disregarded the clear import of D.C.Code 1967, § 16–914, which provides:

After the issuance of a decree of divorce granting alimony . . . the case shall still be considered open for any future orders relating to those matters.

In Posnick v. Posnick, 96 U.S.App.D.C. 198, 225 F.2d 37 (1955) (*Posnick I*), the court held to be erroneous so much of a

---

5. D.C.Code 1967, § 16–912.

6. D.C.Code 1967, § 16–910.

divorce decree as provided for termination of periodic alimony payments when the wife's share in a property settlement was actually turned over to her. The court based its holding on two considerations: (1) That the wife's claim for her share of the property was separate from her claim for maintenance, and (2) that there should be no speculation respecting the conditions which might obtain when the property settlement was accomplished. This holding was clarified in Posnick v. Posnick, 100 U.S. App.D.C. 37, 241 F.2d 442 (1957) (*Posnick II*), the court explaining that its prior holding was not intended to preclude review of the amount of alimony in the light of any change in circumstances after the property settlement was accomplished.

Because an award of alimony pursuant to a decree of absolute divorce is controlled by D.C.Code 1967, § 16–912, which provides for permanent alimony (Cole v. Cole, 82 U.S.App.D.C. 155, 161 F.2d 883 (1947)), it seems clear after an examination of the *Posnick* and *Cole* cases that the award of alimony in the case now on appeal was improper.

The trial court was apparently influenced to its determination that alimony payments should cease after one year by its finding that the wife was "capable of securing full-time employment when she in good faith seeks it."

■■■ Consideration of the prospective economic condition of the wife was entirely proper in fixing the amount of alimony. Quarles v. Quarles, 86 U.S.App.D.C. 41, 179 F.2d 57 (1949); McEachnie v. McEachnie, D.C.App., 216 A.2d 169 (1966). But, as pointed out in *Posnick I,* it was improper to impose a time limitation upon alimony payments.

■■ Since, however, it appears without any serious question that the imposition of the time limitation was a product of the court's consideration of the wife's prospective economic condition, we decline to make a disposition such as was made in *Posnick I* where the time limitation was simply removed. To do so would, in our view, limit substantially the effect of a relevant factor, the parties' "respective economic conditions—both present and prospective" on the initial award.[7] We, therefore, remand the case to the trial court for a determination as to the amount of permanent alimony, if any, based upon consideration of all relevant factors.[8]

In all other respects, the judgment, based as it is upon substantial evidence, will stand affirmed.

■■ Appellant has moved in this court for allowance of costs, including the cost of the reporter's transcript of testimony at the trial. Our Rule 39 provides in (b) that in cases of affirmance costs shall be allowed appellee unless otherwise ordered, in (c) that in cases of reversal costs shall be allowed appellant unless otherwise ordered, and in (g) that certain costs, *e. g.,* the cost of preparation of the reporter's transcript shall be determined in the Superior Court.

We may, however, allow counsel fees for legal services rendered on appellant's behalf in this court. We find that a reasonable fee for that purpose is $300. Accordingly, appellee is directed to pay to appellant's counsel the sum of $300 for legal services rendered in this court. Thunberg v. Thunberg, D.C.App., 283 A.2d 444 (1971); Payton v. Payton, D.C.App., 187 A.2d 899 (1963).

Reversed in part, affirmed in part, and remanded for further proceedings consistent with this opinion.

---

7. Quarles v. Quarles, 86 U.S.App.D.C. 41, 179 F.2d 57 (1949).

8. Alimony is not intended as a penalty to be imposed upon the husband nor as compensation to solace the wife for wrongful abandonment by her husband, and her financial situation is a relevant consideration which may limit or even defeat an award. . . . [McEachnie v. McEachnie, D.C.App., 216 A.2d 169, 170 (1966).] [Footnote omitted.]